### HENRY YOUNG v. THE STATE.

No. 938.   Decided February 8, 1911.

Rehearing Denied March 1, 1911.

**1.—Illegal Practice of Medicine—Statement of Facts—Bills of Exception.**

To be of any validity whatever the statement of facts and bills of exception must be approved and signed by the judge. Following Lawrence v. State, 7 Texas Crim. App., 192, and other cases.

**2.—Same—Indictment—Statutes Construed.**

Where the indictment is valid and charges an offense under section 4 and subdivision 3 of section 13 of the Act of the Thirtieth Legislature, defining and regulating the practice of medicine, there is no error.

Appeal from the County Court of Cooke. Tried below before the Hon. C. R. Pearman.

Appeal from a conviction of illegal practice of medicine; penalty, a fine of $200 and sixty days confinement in the county jail.

The opinion states the case.

Appellant appeared for himself.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was indicted by the grand jury of Cooke County for unlawfully practicing medicine without having properly registered his authority for so doing, and treating and offering to treat physical disease and disorder, and making a charge therefor. The cause was transferred to the County Court, and upon a trial he was adjudged guilty and his punishment assessed at a fine of $200 and sixty days confinement in jail.

1. The Assistant Attorney-General files a motion to strike out the statement of facts and bills of exception herein filed, because they, or either of them, are not approved and verified by the county judge. To be of any validity whatever the statement of facts and bills of exception must be approved and signed by the judge. Lawrence v. State, 7 Texas Crim. App., 192; Bennett v. State, 16 Texas Crim. App., 236; Johnson v. State, 29 Texas Crim. App., 210; Moss v. State, 39 Texas Crim. Rep., 3; Rushing v. State, 25 Texas Crim. App., 607.

2. The indictment is valid and charges an offense against the

laws of this State under section 4, and subdivision 2 of section 13 of the Act of the Thirtieth Legislature, an Act to define and regulate the practice of medicine, and the indictment being valid in the absence of a statement of facts, if the charge of the court is applicable to any state of facts that might be proven under the allegations, this court will assume that the County Court properly submitted to the jury the law of the case. Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 1, 1911.—Reporter.]