## ANDREWS v. DEWBERRY.

### No. 15271.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 14, 1951.

Rehearing Denied Oct. 12, 1951.

W. F. Bane and Lee S. Bane, both of Dallas, for appellant.

R. G. Smith and Leonard R. Winborn, both of Dallas, for appellee.

RENFRO, Justice.

This suit was instituted by Woodrow Dewberry, appellee, against Millard F. Andrews, appellant, for damages for alleged malicious prosecution. Appellant swore out a criminal complaint in Dallas County on March 6, 1950, charging appellee with theft of fourteen head of cattle. Warrant was issued for the arrest of appellee and he made bond. The grand jury reported a "no bill" on March 17, 1950.

Dewberry filed this suit against Andrews on April 5, 1950, and recovered a verdict for $6,000. The jury found that appellant Andrews, (1) did not have probable cause to file the complaint against Dewberry, (2) Andrews did not make a full and fair statement of facts known to him to the Assistant District Attorney before filing the complaint, (7) Andrews acted with malice in filing the complaint.

The appellant's first five points allege error on the part of the trial court in submitting the issues to the jury on "preponderance of the evidence" instead of submitting the issues on evidence that was "clear, satisfactory and convincing."

In certain types of cases, including damages for malicious prosecution, the facts must be established by clear and convincing evidence. That rule is discussed fully by the Commission of Appeals in an opinion adopted by the Supreme Court in Carl v. Settegast, Tex.Com.App., 237 S.W. 238.

█ The court in that case, and in the authorities cited therein, points out that the rule in practical effect is but an admonition to the court to use great caution in weighing the evidence.

█ The doctrine is firmly established that issues of fact are resolved from a preponderance of the evidence, and issues requiring a higher degree of proof than preponderance of the evidence may not be submitted to the jury. Points 1 through 5 overruled. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206.

Appellant's points 6 through 15 will be discussed together. In substance, appellant alleges (a) no evidence to sustain the jury's answers to issues 1, 2 and 7; (b) jury's answers to 1, 2 and 7 are against the great preponderance of the evidence; (c) jury's answers to 1 and 7 were not supported by clear, satisfactory and positive proof; (d) undisputed evidence shows that appellant made a full and fair statement of the facts known to him to the Assistant District Attorney; (e) the complaint was filed solely on the advice of the Assistant District Attorney after such disclosure.

The appellant Andrews and one R. H. Shipley met on a Thursday afternoon and had a conversation regarding the sale of some cattle owned by Andrews. It was the contention of Andrews that he had had prior dealings with Shipley; that Shipley would buy cattle subject to the approval of his landlord, Dr. Gable, who furnished the money. He contended, before the jury, that on the occasion in question, he agreed to haul fourteen head of cattle to Shipley's lot, and if Dr. Gable did not want the cattle after seeing them, they would be returned to Andrews.

Shipley testified that he told Andrews that Dr. Gable would not buy that kind of cattle but that he, Shipley, would buy the cattle; that Andrews then sold the cattle to Shipley on credit to be paid for within a reasonable time.

On Friday morning, the cattle were delivered to Shipley. On Saturday morning, appellee Dewberry hauled the cattle in his truck from Shipley's lot to the auction ring at Mesquite, Texas. All the cattle were tagged in the name of R. D. Shipley, son of R. H. Shipley, and sold to various persons at the auction ring. Appellee Dewberry did not buy any of the cattle direct from the Shipleys, but did buy two head of the cattle from one of the purchasers at the ring, and sent them to Fort Worth for sale on Sunday. A few days later he bought a third head of the cattle from one of the purchasers at the auction and appellant Andrews saw that one in Dewberry's lot.

At the time of the transactions involved, Dewberry was pressing Shipley for payment of an indebtedness of $950. By prearrangement, the cashier at the auction ring paid Dewberry $900 of the purchase price of the Andrews cattle, and paid R. H. Shipley the balance of the money. Andrews received nothing for the cattle. Andrews learned of the sale on the Monday following the sale on Saturday, and immediately asked Shipley for payment, although he did not inform Shipley that he knew the cattle had been sold at the auction ring. After various attempts to collect from Shipley and Dewberry, Andrews filed charges of theft against both men and as heretofore stated, appellee Dewberry was no-billed and brought this suit for damages.

█ Generally, actions for malicious prosecution are not favored by the law. To be entitled to damages plaintiff must prove by clear, convincing and positive testimony that the criminal charges against him were without probable cause and were actuated by malice.

The jury's answers to the questions on probable cause, malice and disclosure to the Assistant District Attorney are supported

by the following testimony: The witness Shipley as hereinabove mentioned, testified that he bought the fourteen head of cattle from appellant Andrews to be paid for in a reasonable time. He did not buy them subject to the approval of his landlord, Dr. Gable, as testified to by appellant. He, Shipley, owed appellee Dewberry $950. He told Dewberry he had no money, but had some cattle he would sell and pay him from the proceeds. Dewberry hauled the cattle for him to the auction ring. The cattle were sold and Dewberry received $900 from the sale.

Dewberry denied knowing the cattle belonged to Andrews. He testified that Shipley told him his boy raised them; that no one warned him that anything was wrong with the cattle.

Four witnesses testified that appellant Andrews told them soon after the sale at the auction ring that he had sold the cattle to Shipley.

If Shipley bought the cattle from Andrews, then appellee Dewberry could not be guilty of stealing the cattle from Andrews and Andrews could have no probable cause for charging Dewberry with theft. The evidence was sharply conflicting as to whether Andrews sold the cattle to Shipley or merely sold them subject to approval of Dr. Gable. No direct issue was submitted to the jury on the question of the sale, and no such issue was requested by either party. The jury's findings that the appellant Andrews did not have probable cause to file the criminal complaint against Dewberry is an implied finding that Andrews did sell the cattle to Shipley.

We believe the testimony offered by appellee is sufficient to uphold the jury's findings on issue No. 1.

In answering the issue on malice, the jury had the testimony heretofore set out, and in addition, heard testimony that Andrews had told witnesses he could not get any money out of Shipley and thought he could get the money if he filed on Dewberry. Appellee Dewberry testified that appellant Andrews told him he was going to drain him for every dollar he could and ruin him so he could not buy a head of cattle in that country.

Malice may be established by direct or circumstantial evidence. The existence of malice may be implied of inferred by the jury from want of probable cause. Ramsey v. Arrott, 64 Tex. 320. Viewing the evidence in the light most favorable to the plaintiff, as we are bound to do in view of the jury's findings, we are compelled to hold that the jury's answer to issue No. 7 on malice is supported by the evidence.

The appellant contends that he made a full and fair disclosure of the facts within his knowledge to the Assistant District Attorney and filed the complaint upon the advice of the Assistant District Attorney.

The advice of the prosecuting attorney is a complete defense when it appears that the defendant, before filing the complaint, made a full and fair disclosure to such attorney of all the facts within his knowledge. Sebastian v. Cheney, 86 Tex. 497, 25 S.W. 691. But a disclosure to the prosecuting attorney is not a defense if the defendant made false statements concerning material matters to the prosecuting attorney or if material facts are withheld. Missouri K. & T. R. Co. v. Groseclose, 50 Tex.Civ.App. 525, 110 S.W. 477. See also Young v. State, 61 Tex.Cr.R. 440, 134 S.W. 736 (error refused).

In this case a very material fact was whether appellant Andrews had sold the cattle in question to Shipley. The jury's finding that appellant did not have probable cause to file the theft complaint against Dewberry is an implied finding that Andrews did not make a full and fair disclosure to the Assistant District Attorney when he told him that he had sold the cattle to Shipley subject to the approval of Dr. Gable.

If Andrews actually sold the cattle to Shipley, and the jury has impliedly concluded this matter against the contentions of appellant, Dewberry could not have been guilty of the theft of the cattle from Andrews. A person does not act on probable cause in instituting a criminal prosecution where he knows that the accused is not

guilty of the charge which he lodges against him. Therefore, if Andrews in telling the Assistant District Attorney that he had not sold the cattle to Shipley, when in fact he actually did sell them to Shipley, as the jury has by implication found to be the fact, he knew at the time Dewberry was not guilty of the theft of the cattle and such disclosure as he made to the Assistant District Attorney was not a full and fair statement of all the facts within his knowledge.

The testimony being conflicting as to whether such sale did take place, it became a question for the jury to determine whether or not Andrews made a full and fair statement to the Assistant District Attorney.

We respectfully overrule appellant's points 6 through 15.

By his 17th and 18th points, appellant alleges he is entitled to a new trial because of misconduct of the juror Stalcup. On the hearing of the motion for new trial, appellant's attorney testified that on voir dire he asked the group (jury panel) if they knew the three parties, Fred Jones, C. C. McNally and Jerry Hardin. He didn't say McNally was a witness in the case. No juror responded.

The juror Stalcup testified that he did not recall the question being asked. It was disclosed on the hearing that during the trial the juror Stalcup and the witness McNally met in the corridor. Stalcup testified he did not know at that time McNally was a witness. McNally testified he did not tell Stalcup he was a witness, and did not know Stalcup was on that jury. McNally in fact was never called to the stand during the trial of the case. Both testified positively that the case was not mentioned. There is no evidence that they did discuss the case. The defendant testified he saw the juror Stalcup and McNally in the wash room together. The record does not disclose that he informed his attorney, the court or anyone else of the occurrence.

If the evidence is conflicting on the question as to whether or not the misconduct actually occurred, the decision of the trial court either way on that question should be accepted as final. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. The trial court's presumed finding that the juror Stalcup did not hear the question about McNally is binding on this court. Industrial Fabricating Co. v. Christopher, Tex.Civ.App., 220 S.W.2d 281, n. r. e.

The contention that Stalcup was guilty of misconduct in failing to disclose his acquaintanceship with McNally is therefore overruled.

The evidence is undisputed that McNally and Stalcup did not discuss the case. To be entitled to a new trial for jury misconduct the complaint, under Rule 327, Texas Rules of Civil Procedure, must show the claimed misconduct and that the misconduct probably resulted in injury to the appellant. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Cloudt v. Hutcherson, Tex.Civ.App., 175 S.W.2d 643. As said by Chief Justice McDonald in Swanson v. Fort Worth Transit Co., Tex. Civ.App., 209 S.W.2d 772, 773, "the burden is on appellant to show that injury probably resulted from the alleged misconduct * *. We have been cited to no case holding that reversible error is shown by mere proof that there was some conversation, of an undisclosed nature, between a juror and one of the parties during the trial."

The juror Stalcup talked, not with a party to the suit, but to a person summoned as a witness, and he did not know the person was a witness. It is undisputed that they did not discuss the case. The appellant has not shown probable injury. Moreover, the appellant saw the men in conversation and did not report it. He has waived his right to complain, even if the conversation were held to be misconduct. Insurors Indemnlity & Insurance Co. v. Brown, Tex.Civ.App., 172 S.W.2d 174, 175, refused; Anderson Bros. v. Parker Const. Co., Tex.Civ.App., 254 S.W. 642, dis.

Points seventeen and eighteen are overruled.

In points sixteen and nineteen, appellant complains of certain remarks made by the trial judge during the exami-

nation of the appellant, which he says were prejudicial. The appellant testified at great length to his conversation with the assistant district attorney. His testimony was replete with conversations with other persons. The court merely made sure that the conversations he was relating from the witness stand were actually repeated to the assistant district attorney. After each interruption, upon his assurance that he was testifying to his conversation with the assistant district attorney, he was allowed to proceed. There is nothing in the record to show he was not allowed to testify to everything he said to the assistant district attorney. An intelligent jury certainly knew the court was merely keeping the witness on the particular conversation with the assistant district attorney. The comments of the court did not indicate any bias or prejudice on the part of the court.

■■■ In point twenty, appellant claims error on the part of the trial court in limiting certain testimony. We have read the entire statement of facts and have concluded that if any errors occurred by reason of such limitation, same was subsequently cured by the court, and were also waived by appellant, by not assigning the matters complained of as error in his motion for new trial.

Point twenty-one was not assigned as error in the motion for new trial and appellant has therefore waived such matters as complained of therein.

All points of error are overruled and the judgment of the trial court is affirmed.