**H. E. BUTT GROCERY COMPANY, d/b/a H. E. B. Food Stores of Temple and Killeen, County of Bell, Texas et al., Appellants,**

v.

**Maxine BROWN et vir, Appellees.**

**No. 11217.**

Court of Civil Appeals of Texas.

Austin.

June 17, 1964.

Haley, Koehne, Fulbright & Winniford, Waco, for appellants.

Arthur O'Connor, Belton, Jack W. Prescott, Temple, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order overruling appellant's Plea of Privilege to be sued in the county of its residence. Appellee herein instituted suit in the District Court of Bell County, Texas to recover damages for alleged malicious prosecution. Named as defendants in this cause are J. J. Balcar, Assistant Manager of the H. E. Butt Grocery Company, Temple, Texas, store and a resident of Bell County, and H. E. Butt Grocery Company, a Texas Corporation having its domicile and principal place of business in Corpus Christi, Nueces County, Texas. H. E. Butt Grocery Company, appellant herein, filed a Plea of Privilege asserting that its domicile was at all times and is Corpus Christi, Nueces County, Texas, and that no exception exists in this cause to exclusive venue in the County of one's residence. Appellee's controverting Plea alleged that venue in Bell County as to appellant is sustainable on the basis of subdivisions 4, 9, 23 and 29a of Article 1995, Vernon's Ann. Revised Civil Statutes of Texas and that, moreover, appellant has established a second domicile in Bell County, Texas. A hearing on appellant's Plea of Privilege was had before the 27th District Court of Bell County and appellant's Plea of Privilege was overruled.

The Court did not indicate the reason for or basis of its order overruling said Plea.

The appeal is predicated on one point and is that the Court erred in overruling appellant's Plea of Privilege if it did so on the basis of either Subdivisions 4, 9, 23 or 29a of Article 1995 of the Revised Civil Statutes of Texas for the reason that appellee did not allege or prove facts showing a cause of action for malicious prosecution against the resident defendant, which showing is an essential requirement to sustain venue against a nonresident defendant under aforesaid Subdivisions.

Appellee, operator of a restaurant located near Temple, Texas, in the month of May, 1963 cashed five checks aggregating $23.00 for some of her customers, and endorsed the checks to H.E.B. Store and received supplies in exchange therefor.

The checks were not paid by the Bank of Temple on which they were drawn.

On the 23rd day of August, 1963, defendant, J. J. Balcar acting for and in the name of said Temple store, swore to a criminal complaint against Maxine Brown before C. C. Curry, Justice of the Peace, Precinct No. 3, Place No. 2, Bell County, Texas, of which complaint the following is a true and correct copy:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

"Before me, the undersigned authority, this day personally appeared J. J. Balcar of H.E.B. Grocery who after being sworn upon oath deposes and says (that he has good reason to believe and does believe and charge) that one Maxine Brown on (or about) the 25th day of May, A.D. 1963, and before the making and filing of this complaint, in Justice of Peace Precinct No. 3 of Bell County, State of Texas, did then and there unlawfully and fraudulently pass as true to J. J. Balcar of HEB Grocery 5 instruments of writing, which said instruments in writing the said Maxine Brown knew to be forged, and did then and there so pass as true with intent to injure and defraud the said J. J. Balcar against the peace and dignity of the State.

"(Signed) J. J. Balcar HEB
"Sworn to and subscribed before me, this 23rd day of August A.D.1963.

"(Signed) C. C. Curry J.P. Justice of the Peace Precinct No. 3, Place No. 2, Bell County, Texas"

A warrant of arrest for the arrest of Mrs. Brown was issued and executed by the Sheriff, who took her into custody and carried her to the jail and placed her therein and kept her for a short period.

A Plea of Privilege was filed by appellant, which was duly controverted and overruled by the Trial Court, and this appeal is taken.

The controlling issue in this cause is the sufficiency of appellees' evidence to establish malice as a necessary element of the cause of action, in order to sustain venue in Bell County under Subdivisions 4, 9, 23 and 29a of Article 1995, V.A.C.S.

We have carefully considered the entire record of the evidence and believe that appellee did discharge the burden imposed and that the Trial Court was justified in entering the order overruling the Plea of Privilege.

Johnnie (or J. J.) Balcar testified that he was employed by the appellant and had been for more than eight years and had been Assistant Manager of the Temple store since 1958, and that Gene Swartz was the Manager and in charge of the store.

The witness testified that he knew Mrs. Brown only as a customer of the store and did not take the several checks but such were taken by one of the checkout girls; that the checks were returned "unpaid" by the Bank and Mrs. Brown was called but she did not take up the checks and later

the checks were taken to a Justice of the Peace in an effort to collect the money due on the checks, under the instructions of Mr. Swartz; that when the witness arrived at Judge Curry's office he told Judge Curry that he wanted to get the money out of the checks and for him to file on them and signed some blank forms, and, having been to the office several times before, was familiar with the complaint form, and signed such in blank, but did not know he was filing a criminal complaint.

The witness has a subsequent conversation with the District Attorney of Bell County before a grand jury.

The Justice of the Peace, C. C. Curry, testified that he knew Mr. Balcar, but did not know Mrs. Brown; that Balcar filed the complaint which was put on the docket; that Mr. Balcar said that he had two forgeries and a regular form was used, a forgery complaint was signed in his office. Judge Curry testified that Balcar told him that with regard to Mrs. Brown's checks that some were forgeries. That there was a check for $81.00 by August Laura which shows to be a forgery, but had no connection with Mrs. Brown. Mr. Cacir, District Attorney testified that he was familiar with the case against Mrs. Maxine Brown charging forgery, which was presented to the grand jury, and a "no bill" was returned.

The witness testified as to subsequent conversations with both Mr. Balcar and Mr. Swartz concerning the checks and complaint.

Mr. Balcar was a man of long experience in business and was familiar with the means used to collect checks that had been returned.

It is inferable that Mr. Balcar and Manager Swartz were willing to take any steps to collect the checks, and even to the extent of filing the complaint against Mrs. Brown, and it does not appear to us that Balcar used that degree of care, considering the entire transaction, and with due concern for Mrs. Brown's rights, that he should have done,

and that the actions of Mr. Balcar were in reckless disregard for the rights of others.

In 37 Tex.Jur.2d, page 534, Section 13, the rule is stated as follows:

"Personal spite or ill will on the part of the defendant toward the plaintiff, when proven, is relevant to the issue of malice, in an action for malicious prosecution, and it may be considered by the jury in determining whether or not malice existed. But personal ill will, anger, hatred, or a revengeful spirit is not essential to the existence of malice, any other sinister motive, disassociated from the public good and violative of the plaintiff's right to the enjoyment of his liberty and private property, is sufficient. Thus malice may be inferred from wrongful action in reckless disregard of the rights of another, and in a spirit of indifference as to whether the other person is injured or not, even when there is no personal spite or ill will.

"Where want of probable cause is first shown, then malice may be established by proof that a criminal prosecution was not commenced for any other purpose except to subserve the private interests of the prosecutor. Thus the defendant in a malicious prosecution action will be deemed to have acted maliciously, and will be held liable, if he did not act in good faith under a belief in the plaintiff's guilt, but instituted the original prosecution without probable cause for the purpose of collecting a debt or for procuring possession of property. But if he instituted the prosecution in good faith, believing that the plaintiff was guilty of the offense charged, he is not liable merely because he also desired to collect money owed to him by the plaintiff.

"Malice may be inferred from circumstances, and need not be shown by direct evidence; that is, the circumstances attending the prosecution may

be such as to satisfy the mind that the prosecutor was actuated by wrongful motives in the institution and continuance of the prosecution." Andrews v. Dewberry, Tex.Civ.App., 242 S.W.2d 685, er. ref., n. r. e.

Since appellee in argument before this Court stated that he was not certain that venue could be maintained on the basis of a second domicile, we do not discuss this counterpoint.

We have carefully considered the brief and the authorities filed and cited by appellants, such as J. C. Penney Company v. Reynolds, Tex.Civ.App., 329 S.W.2d 104, er. ref., n. r. e.; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 and other cases and texts, but do not believe such to be controlling in view of the record in the case.

The judgment of the Trial Court is affirmed.

Affirmed.