**Charles E. PEARSON, Appellant,**

**v.**

**Emma Leoda STEVENS et vir, Appellees.**

**No. 15513.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 9, 1969.

Richard O. Werlein, Houston, for appellant.

Herman I. Morris, Fort Worth, for appellees.

PEDEN, Justice.

This is an appeal from an order sustaining a plea of privilege and transferring this cause to Tarrant County, Texas.

Appellant, Mr. Pearson, brought this habeas corpus proceeding to regain possession of three minor children born while he and Mrs. Stevens were married to each other. In his petition he alleged that the children are illegally confined and restrained of their liberty in Tarrant County, that they have been prevented by force, threats or undue influence on the part of Mr. and Mrs. Stevens from returning to Houston and that they have conspired to interfere with his custody of the children as granted in the decree entered when he and Mrs. Stevens were divorced.

Additionally, appellant sought to enjoin the appellees from stating untruths about him to the children and from using threats, improper promises, duress and undue influence for the purpose of persuading them to leave his home.

Appellees have not contradicted appellant's testimony that he has legal custody of the children or sought to change that custody. In response to appellees' plea of privilege, appellant filed a controverting plea in which he incorporated by reference the allegations of his original petition, stating that they truthfully show and aver that Mr. and Mrs. Stevens have, within the meaning of Exception 9 of Article 1995, Vernon's Ann.Civil Statutes, committed a crime and trespass in Harris County against Pearson and the three minor children and have interfered with his legal and lawful right of custody.

The pertinent part of Article 1995 states, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *. 9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. * * *"

The only two persons who testified in the hearing on the plea of privilege were the relator, Mr. Pearson, and one of the respondents, Mrs. Stevens. Pearson testified that he has legal custody of the children and that they were missing on January 20, 1969. He was unable to testify to anything more than his suspicions as to how they got to Ft. Worth. Mrs. Stevens testified that on January 19, 1969 she received a telephone call at her home in Ft. Worth from the eldest of the three children, who insisted that they were going to come to Ft. Worth the next morning even if they had to walk or hitch-hike. Mrs. Stevens said she tried to dissuade them because their final examinations were imminent, but finally agreed, reluctantly, that it was all right for Mr. Stevens to drive to Houston and get the children. She testified that Mr. Stevens did drive to Houston, picked up the children and took them to Ft. Worth.

Appellant's points of error assert that the trial court erred in sustaining the plea of privilege, in impliedly finding no proper exception under subdivision 9 of Article 1995, R.C.S., in impliedly holding that the plea was not defective and should not be stricken and in not requiring that the minor children be produced in court before proceeding with the hearing on the plea.

We sustain the order of the trial court granting the Stevens' plea of privilege. Rule 385, Par. (e), Texas Rules of Civil Procedure, provides that the trial judge need not file findings of fact or conclusions of law in an appeal from an interlocutory order, and none were filed in

this case. It is our duty to affirm the order of the trial court if it can be sustained upon any reasonable theory supported by the evidence and authorized by law. Connor v. City of University Park, 142 S.W.2d 706 (Dallas Tex.Civ.App.1940, writ ref.).

Appellant cites Article 535 of the Vernon's Ann.Penal Code as embodying the crime committed by appellees. It provides, in part: "Any person in this State who shall knowingly entice or decoy any minor in the State away from the custody of the parent or guardian or person standing in the stead of the parent or guardian of such minor shall be fined * * *."

In speaking of the crime or offense provision of exception 9, McDonald states in his 1 Texas Civil Practice 470, Par. 4.16:

"To show the applicability of this exception, the plaintiff must plead in his controverting affidavit, and probably in his petition, venue facts which unambiguously show that his claim is within the ambit of the applicable statute, and thereafter at the venue hearing must establish by a preponderance of the extrinsic evidence: (a) that a crime or offense has been committed; (b) that it was committed in the county of suit; and (c) that the defendant asserting his privilege participated as a principal, accomplice, or accessory therein, or that the offense was committed by his agent or representative in the course of his employment * * *."

We agree with the implied finding of the trial court that appellant has failed to sustain his burden of proving by a preponderance of the evidence that a crime or offense was committed by the appellees in Harris County.

As to his allegation that they committed a trespass in Harris County, we cannot say that as a matter of law the trial court's implied finding in favor of the appellees was wrong. Appellant must rely wholly on Mrs. Stevens' testimony for proof of a trespass in Harris County, and it does not reflect that she did anything more than agree that it was all right for her present husband to get the children, two of which are girls, rather than have them out on the highway. This testimony does not establish that Mr. Stevens was her agent or representative.

Her testimony as to Mr. Stevens' having picked up the children in Houston is clearly hearsay. She did not come to Houston with him. We assume that the trial court disregarded all improper evidence introduced. Ransom v. Ransom, 252 S.W.2d 212 (Ft. Worth, Tex.Civ.App.1952, writ ref.). And hearsay evidence can never form the basis of a finding of fact or of the judgment of a court, whether it is objected to or not. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628 (Tex.Sup.1941).

At most, Mrs. Stevens' testimony is a circumstantial indication of a technical trespass by Mr. Stevens. It is clearly insufficient to overcome as a matter of law the trial court's implied finding that appellant failed to sustain his burden of proving by a preponderancce of the evidence that Mr. Stevens committed a trespass in Harris County.

We have examined appellant's other points and find no merit in them. The absence of a certificate of service as to appellees' plea of privilege, if it was absent, is not a fatal defect. It may justify a delay in filing the controverting affidavit, but such filing makes the certificate unnecessary.

The record reflects that the eldest of the three minor children did attend the hearing on the plea of privilege but that no effort was made to call her or either of the others as a witness. We cannot tell from the record whether the other two were present. Appellant's rights have not been shown to have been adversely affected.

The order of the trial court granting the plea of privilege is affirmed.