David B. TERK, Appellant,

v.

Jon Grady DEATON, Appellee.

No. 6612.

Court of Civil Appeals of Texas, El Paso.

July 20, 1977.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Elton Gilliland, Gary C. Riley, Odessa, for appellant.

Glen Williamson, Kermit, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from the overruling of the Defendant David B. Terk's plea of privilege in a malicious prosecution suit brought by Plaintiff Jon Grady Deaton. The questions discussed on appeal are the proof of want of probable cause and of malice, and the making of a full and complete statement of facts to the prosecuting attorney in good faith. We reverse the judgment of the trial Court.

Jon Grady Deaton and Kathleen Deaton filed this suit in Winkler County against David B. Terk and Terk Distributing Company alleging malicious prosecution and, in the alternative, libel and slander for the filing of a criminal complaint of theft against Jon Grady Deaton by David B. Terk. The trial Court granted the plea of privilege of Terk Distributing Company and that of David B. Terk as to Plaintiff Kathleen Deaton, but, as indicated, overruled the plea of privilege of David B. Terk as to the suit by Jon Grady Deaton. We will refer to these two parties as Plaintiff and Defendant.

Plaintiff relies on Tex.Rev.Civ.Stat.Ann. art. 1995, Subdivision 9, to defeat Defendant's plea of privilege. Under this Subdivision, Plaintiff is required to prove that (1) a crime or offense was committed, (2) that it was committed in the county of the suit, and (3) that the Defendant participated. 1 McDonald, Texas Civil Practice, Sec. 4.16 (1965); Pearson v. Stevens, 446 S.W.2d 381 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). We are of the opinion that the Plaintiff has failed to sustain his burden as to element (1).

The elements of a cause of action for malicious prosecution which must be proved by the Plaintiff are: (1) that there was a prosecution by the Defendant; (2) that it was malicious; (3) that it was without probable cause; (4) that the prosecution ended in acquittal; and (5) that damages resulted to the Plaintiff. Ada Oil Company v. Dillaberry, 440 S.W.2d 902 (Tex.Civ.App. —Houston [14th Dist.] 1969, writ dism'd); Ellis v. Sinton Savings Association, 455 S.W.2d 834 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.); Flowers v. Central Power & Light Co., 314 S.W.2d 373 (Tex. Civ.App.—Waco 1958, writ ref'd n.r.e.). Failure to prove any one of these elements is fatal to the Plaintiff's case. Ada Oil Company v. Dillaberry, supra; Montgomery Ward & Co. v. Kirkland, 225 S.W.2d 906 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.). We are of the opinion that in this case the proof fails as to malice and want of probable cause. The general rule, and one which is followed in Texas Courts, is that a party filing or causing the filing of a criminal complaint does so upon probable cause where he, in good faith, makes a full and fair disclosure of the facts and circumstances known to him and the complaint is thereafter filed. Ada Oil Company v. Dillaberry, supra; Jackson v. Train, 495 S.W.2d 36 (Tex.Civ.App.—Beaumont 1972, no writ); Andrews v. Dewberry, 242 S.W.2d 685 (Tex. Civ.App.—Fort Worth 1951, writ ref'd n.r. e.). The matter of probable cause is not a defensive matter but a part of Plaintiff's basic cause of action, that is, the Plaintiff has the burden of proving that the Defendant failed to make a full and fair disclosure. There is nothing in the record before us indicating that the Defendant gave the District Attorney any false information or failed to disclose any information. The evidence is that he stated the facts to the prosecuting attorney, who in turn determined that there had been a violation of the penal statute and drew the complaint for Defendant's signature.

The record does not establish malice on the part of the Defendant. The evidence is that he approached the District Attorney

with the facts surrounding his debt, not knowing that those facts amounted to a violation of the penal code until so informed by the District Attorney. He stated that he did not want to cause the Plaintiff any more trouble than he already had, and when asked by the District Attorney if he would be satisfied with the return of his merchandise, he answered yes. In *Ellis v. Sinton Savings Association, supra* at 842, the Court quoted from *Ada Oil Company v. Dillaberry, supra*, as follows:

"'* * * While the using of criminal process for private purposes, such as the coercion of the payment of a debt when the complaining party knows the accused is not guilty of crime, may show malice and want of probable cause, a motive on the part of the informant to get back his own property is not necessarily an improper one under the law of malicious prosecution. It is not improper if it coexists with an honest belief that a crime has been committed and if there exists probable cause for a criminal prosecution. 54 C.J.S. Malicious Prosecution § 42b, p. 1006; § 93, p. 1080, note 9; § 18, p. 974, note 28; Prosser, Law of Torts, (3rd Ed.), pp. 859, 860; *Grissom v. Lopez*, 280 S.W. 613 (Tex.Civ.App.), writ dismd.; 37 Tex. Jur.2d Sec. 13, p. 535. * * *'"

Failure to prove a cause of action also results from the application to this case of the rule of law that an action for malicious prosecution cannot be based on a criminal prosecution where the defendant in good faith made a full and fair statement of the facts to the prosecuting attorney and was advised that a criminal prosecution could be sustained. *Ada Oil Company v. Dillaberry, supra;* 37 Tex.Jur.2d Malicious Prosecution, Sec. 22 (1962); *Andrews v. Dewberry, supra; Igoe v. Peinado,* 54 S.W.2d 556 (Tex.Civ.App.—El Paso 1932, no writ); 10 A.L.R.2d 1215 (1950).

Because of the failure to prove the commission of a crime or offense, necessary proof of the venue facts has failed. That part of the order of the trial Court denying and overruling the plea of privilege of David B. Terk as to Plaintiff Jon Grady

Deaton is reversed and judgment is here rendered that the cause of action between those two parties be transferred to the District Court of Ector County.