William Gray HOWZE,
Plaintiff-Appellant,

v.

CITY OF AUSTIN, etc., et al.,
Defendants-Appellees.

No. 89–8018.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1990.

Leonard J. Schwartz, Dennis J. Eichelbaum, Austin, Tex., for plaintiff-appellant.

J.D. Hooper, Austin, Tex., for defendants-appellees.

Before WISDOM, GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:

The plaintiff, William G. Howze, brings this action against the City of Austin and its City Manager, Jorge Carrasco, under 42 U.S.C. § 1983. He alleges that he was deprived of procedural due process when the City Manager discharged him from his position with a hospital, owned and operated by the city, without providing him with a "name clearing hearing". Two years before Howze filed suit, Carrasco announced at a press conference that he had discharged Howze and another employee, Overby, who had been working for a private company on city time, and that Howze, the supervisor who approved Overby's time cards, either knew or should have known what Overby was doing while he was supposed to be working for the hospital. Howze complained that he had been stigmatized and deprived of a liberty interest by Carrasco's terminating him without a "name clearing hearing." He asked for damages in the amount of one million dollars.

The district court granted summary judgment for the defendants, holding that the plaintiff had failed to present sufficient evidence to establish the deprivation of a liberty interest as a result of Howze's discharge. We need not reach the issue the district court decided. Instead, we hold that the plaintiff presented insufficient evidence to support a jury finding that Howze ever requested a hearing.

Shortly before the press conference Howze asked Carrasco: "Do I have any recourse?" This question came at a time when the two men were discussing what options other than immediate termination were available to Howze. Reasonable interpretations of the question include: Would Carrasco permit Howze to resign and could the termination be postponed for sixty to ninety days? The question cannot reasonably be construed as a request for a name clearing hearing. In *Rosenstein v. City of Dallas*, on which strongly Howze relies, the plaintiff wrote to the City Manager that "I was fired for something that I did not do," and he specifically "request[ed] an appeal from" the decision to discharge him.[1] *Rosenstein* challenged

1. *See Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir.1989), *aff'd on relevant grounds,*   901 F.2d 61 (5th Cir.1990) (en banc).

both the factual basis for his termination and asked for a public review of the decision. Nothing like that happened here.

The judgment is AFFIRMED.