**Mack Merrell VINES, Plaintiff,**

v.

**The CITY OF DALLAS, TEXAS and Jan Hart, individually and in her official capacity as City Manager of the City of Dallas, Texas, Defendants.**

**No. 3:91–CV–1337–P.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 28, 1994.

Bill Boyd, Boyd Veigel, McKinney, TX, for plaintiff.

Arthur Lee Walker, Gwendolyn W. Satterwaite, Walker and Satterwaite, Allen Butler, David A. Scott, Clark, West, Keller, Butler & Ellis, L.L.P., Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court are:

1) Defendants' Motion for Summary Judgment and Brief in Support, filed March 31, 1992;

2) Defendants' Supplemental Motion for Summary Judgment and Supporting Brief, filed June 9, 1992;

3) Plaintiff's Response and Brief in Opposition to Defendant Jan Hart's Motion for Summary Judgment on the Defense of Qualified Immunity, filed September 1, 1992;

4) The Affidavit of Bill Boyd, filed September 1, 1992;

5) Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment on the Defense of Qualified Immunity, filed September 16, 1992;

6) Defendants' Partial Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support, filed June 8, 1992;

7) Plaintiff's Response and Brief in Opposition to Defendants' Partial Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, filed June 29, 1992; and

8) Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, filed July 14, 1992.

For reasons that follow the Court grants the Defendants' Motion for Summary Judgment on the basis of qualified immunity as to Plaintiff's section 1983 claims for deprivation of a liberty interest without due process of law and for deprivation of a property interest without due process of law. The Court grants Defendants' Motion to Dismiss plaintiff's section 1983 claim for malicious prosecution. Lastly, the Court, sua sponte, dismisses the Plaintiff's state law claims pursuant to Rule 12(b)(6).

### I. Background Facts

Mack Vines ("Vines") was employed as Chief of Police for the City of Dallas (the "City") from August 1988 through September 1990. On June 27, 1990, Patrick LeMaire, a police officer for the City, shot and killed a Mexican national. The Internal Affairs Division (the "IAD") of the Dallas Police Department conducted an investigation into the fatal shooting. The IAD concluded LeMaire had violated the Department's policy regarding the use of deadly force. Vines terminated LeMaire's employment based upon the results of the investigation. LeMaire appealed the decision to terminate his employment and was eventually reinstated as a police officer.

Several concerns regarding the IAD's investigation into the LeMaire shooting were raised during the appeal. To address these concerns, Jan Hart, Dallas City Manager ("Hart"), authorized a panel to conduct a review of the IAD's investigation of the LeMaire shooting. The panel heard testimony from several witnesses. The panel instructed the witnesses not to discuss their testimony with any other person. Vines was one of the witnesses subpoenaed to testify before the panel. Before testifying, Vines was given a one-page document entitled "ADMINISTRATIVE INVESTIGATION WARNING" to sign. The warning stated in pertinent part that "Your testimony as well as any information or evidence which is gained through your testimony cannot be used against you in any criminal proceeding. Your testimony will be given under oath and any untruthful testimony may subject you to disciplinary action, including discharge from the City of Dallas employment."

Following Vines' testimony, another witness, Mr. Holliday ("Holliday"), received a

telephone call from Vines during which Vines allegedly discussed his testimony with Holliday and attempted to influence Holliday's testimony. Holliday informed Hart of this alleged discussion. The next day Vines again testified before the panel. Upon being questioned about the alleged telephone conversation with Mr. Holliday the night before, Vines stated he had not talked to Holliday. Upon further questioning, however, Vines admitted he had talked to Holliday, but denied he had discussed his testimony with Holliday.

After the panel's investigation was concluded, it sent a report to Hart. The report stated the panel felt there was a deliberate attempt by one or more individuals to subvert its findings. Hart then contacted the District Attorney for Dallas County, John Vance ("Vance"), and inquired as to whether the District Attorney's office could conduct an investigation regarding the panel's concerns. Vance agreed to do so. After the investigation, Vance presented the results of his investigation to a grand jury which ultimately returned a single misdemeanor indictment against Vines. Upon receiving this information, Hart fired Vines. Further, Hart stated in a press conference that Vines had been indicted and that he was being terminated. Hart was quoted in a newspaper article as saying that Vines had "lost the public trust and confidence."

Vines then filed suit against Hart and the City alleging various causes of action. Hart has raised the defense of qualified immunity to various claims made against her in her individual capacity.

## II. Summary Judgment

Summary Judgment is proper if the pleadings, discovery materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Once a proper motion for summary judgment is made, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact. To satisfy this burden, then nonmovant must set forth specific facts, and mere conclusory

allegations are not sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir.1992). The nonmovants may not rely on "mere allegations made in their pleadings without setting forth specific facts establishing a genuine issue worthy of trial." *Id.* at 1131.

### A. Section 1983 Claim for Deprivation of a Liberty Interest

Plaintiff claims neither Hart nor the City afforded Vines the opportunity to request a name-clearing hearing before Hart conducted a news conference where Hart allegedly made false and stigmatizing statements about Vines. Plaintiff claims that because of the Defendants' actions, Plaintiff was denied a liberty interest in his employment without due process of law.

■ Defendant Hart has asserted the defense of qualified immunity to Plaintiff's claim. In determining whether Defendant Hart has established her defense of qualified immunity, the Court uses a two-prong analysis. First, the Court must inquire as to whether there has in fact been a violation of a clearly-established constitutional right by the Defendant. If the Court determines that there has been such a violation, the Court then must conduct a second inquiry as to the objective legal reasonableness of the Defendant's conduct. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 875 (5th Cir. 1991).

■ Where false and stigmatizing charges against a discharged public employee are improperly publicized, the terminated employee is entitled to a public hearing providing him with an opportunity to clear his name. *Rosenstein v. Dallas*, 876 F.2d 392, 395 (5th Cir.1989). If the terminated employee is denied the right to a name-clearing hearing, he may recover from defendants. *In re Selcraig*, 705 F.2d 789, 797 n. 10 (5th Cir.1983).

■ Plaintiff's claim is founded on the notion that such a hearing must occur prior to discharge or publication. This is simply not the case. *Id.* at 796–797; *Campos v. Guillot*, 743 F.2d 1123, 1126 (5th Cir.1984); *Rosen-*

*stein, supra* at 396 n. 8. Plaintiff states that the City has not shown any reason why it could not have provided him with a pre-termination hearing. The question is not whether the City could have provided him with a pre-termination hearing, but whether a pre-termination hearing was necessary under the facts of this case. At the press conference, Hart announced she was firing Vines because he had been indicted. This fact would not be altered by a pre-termination hearing. Therefore, under the facts of this case, Vines was not entitled to a hearing before his termination.

■ Further, it is undisputed that Plaintiff was given the opportunity to request a name-clearing hearing and he failed to do so. The law is clear that a name-clearing hearing must have been requested by Plaintiff to sustain a 1983 claim for deprivation of a liberty interest. *Id.* at 395–396; *Howze v. Austin,* 917 F.2d 208 (5th Cir.1990); *Campos v. Guillot, supra* at 1126. Therefore, Defendant Hart did not violate any clearly established constitutional right of Plaintiff in discharging him without first providing him the opportunity for a name-clearing hearing. For this reason, the Court will grant Defendants' Motion for Summary Judgment on Plaintiff's 1983 claim for deprivation of a liberty interest against Jan Hart.[1]

### B. Section 1983 Claim for Deprivation of a Property Interest Against Jan Hart

■ Vines has alleged he had a constitutionally-protected property right in the benefits granted to him by the City in the warning, and that the City deprived Vines of those benefits by sending the issue of the truthfulness of Vines' testimony to the District Attorney's office[2].

Defendant Hart has asserted the defense of qualified immunity to Plaintiff's claim. Therefore, the Court must decide whether Hart violated a clearly established right of

the Plaintiff. The Court finds that Hart did not. The Court cannot say that Hart's conduct deprived Plaintiff of any clearly-established constitutional or statutory right. The property interest which Vines alleges was created by the warning was Vines' right to not have allegations of perjury referred to the District Attorney. For reasons that follow, the Court finds that the warning did not create the property rights asserted by Plaintiff. The Court agrees that the warning was an agreement between the City and Vines which gave certain benefits to Vines. However, the benefits promised to Vines in that agreement are not the ones claimed by Plaintiff. Under the warning, it may be true that had Vines admitted to criminal acts which he committed during the course of the LeMaire investigation, the City may have been prohibited from referring that for criminal prosecution. However, those are not the facts alleged here by Plaintiff. Plaintiff has failed to cite even one case holding that a warning like the one involved in this case somehow immunizes a witness from criminal offenses subsequently committed. In fact, it has long been the law of Texas that two parties cannot agree that perjury committed subsequent to the immunity agreement will itself be immunized. *Jones v. State,* 76 Tex.Crim. 398, 174 S.W. 1071 (1915). Therefore, Plaintiff has failed to show a violation of a clearly established constitutional right.

Furthermore, Hart's conduct was objectively reasonable. Hart referred possible criminal misconduct involving two high public officials to the District Attorney. This simply was not objectively unreasonable. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's claim against Jan Hart will be granted.[3]

### III. Motion to Dismiss 1983 Bad Faith Prosecution

■ Defendants have filed their Motion to Dismiss Plaintiff's claim for bad faith prose-

---

1. The Court is mindful of the fact that Defendants' Motion for Summary Judgment encompasses only the Plaintiff's claims against Jan Hart. Defendant's failure to request a name-clearing hearing, however, entitles the City to judgment as a matter of law. Therefore, the Court sua sponte dismisses Plaintiff's 1983 claim for deprivation of a liberty interest against the City.

2. Plaintiff's Brief in Response, page 12.

3. The Court dismisses sua sponte Plaintiff's 1983 deprivation of property claim against the City. Clearly, the City is entitled to judgment as a matter of law. *Jones v. State, supra.*

cution. Defendants seek to dismiss Plaintiff's bad faith prosecution claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The Court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff asserts that a claim for bad faith prosecution under section 1983 lies because Defendant Hart acted without probable cause in referring the issue of perjury to the District Attorney. Plaintiff cites *Wheeler v. Cosden Oil and Chemical Co.,* 734 F.2d 254, 260 (5th Cir.1984) in support of his proposition.

The issue of what constitutes probable cause must be addressed. Plaintiff rests his claim on the existence of the administrative warning which he claims precludes a finding of probable cause. However, the existence of the administrative warning has little to do with the ascertainment of probable cause. The *Wheeler* Court made clear that a claim for bad faith prosecution under 1983 lies only if the person acting under color of state authority "subverts" the performance of the duty of prosecutors to charge only after ascertaining probable cause. Under the facts as alleged by Plaintiff, neither Hart nor the City subverted the performance of the prosecutors in carrying out this duty.

To show lack of probable cause, Plaintiff must allege that Hart failed to make a full and fair disclosure of the facts to the prosecutors or that she gave false information to the prosecuting attorney. *Terk v. Deaton,* 555 S.W.2d 154, 155 (Tex.Civ.App.—El Paso 1977, no writ). It is clear to the Court that Plaintiff has not and cannot allege either. Therefore, the Court will dismiss Plaintiff's 1983 bad faith prosecution claim against both Jan Hart as well as the City of Dallas.

### IV. Plaintiff's State Law Claims Against Jan Hart

■ Defendants cite cases to the effect that construction of a contract is a legal issue for the Court in the first instance. As to the summary judgment, the warning is in evidence and can be construed by the Court with regard to the qualified immunity issue. As to motion to dismiss, the warning is attached to Plaintiff's Complaint and may be considered for purposes of a 12(b)(6) motion. *Hal Roach Studios v. Richard Feiner,* 896 F.2d 1542 (9th Cir.1990).

The Court, as a matter of law, construes the warning such that city officials were not prohibited from referring to the District Attorney the allegations of the perjury charges against Vines. Nothing in the warning prohibits such a referral. Second, even if the warning did prohibit referral of the perjury allegations, it would be void as against public policy and unenforceable. *Jones v. State, supra.*

■ Every claim made by Plaintiff, with the exception of the deprivation of liberty interest, is predicated on Hart's act of referring the matter to the District Attorney. Since Hart's referral was proper, Plaintiff's claims fail as a matter of law. Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). Plaintiff alleges cognizable legal theories, but the facts alleged do not support the theories. Each theory is based on the premise that the warning prohibited Hart from making the referral to the District Attorney. Since the premise is faulty, the claims fail because these are the only facts which Plaintiff has alleged to support his legal theories.

On the Motion to Dismiss, the Court will take judicial notice of the pleadings, papers, and orders in the case of *Patrick LeMaire v. Mack Vines, et al.,* Cause No. 91–1382–P, pending in this Court. The investigation and firing of Patrick LeMaire is what led to the formation of the special panel that is involved in this case. In the *LeMaire* case, allegations were made that signatures were forged on official reports and that reports were changed or altered. The special panel in this case was formed to look into the alleged wrongdoing surrounding the investigation and firing of LeMaire.

The Court will also take judicial notice that the panel submitted a written report after it completed its investigation. In its report to the City Manager, the panel noted that it believed that "there was a deliberate attempt by one or more individuals to subvert our findings. This conduct we believe was blatantly unethical and resulted in possible perjury [sic] testimony to this Panel. This information has been presented to the City Manager in more detail for further investigation and follow-up as necessary." The Court may take judicial notice of these facts in ruling on a 12(b)(6) motion to dismiss. *Mack v. South Bay Beer Dist.*, 798 F.2d 1279 (9th Cir.1986).

The Complaint states that Hart referred the matter to the District Attorney because of "questions and accusations made by officer Greg Holliday". *See* Plaintiff's Complaint at p. 5. Taking the allegations in the Complaint as true, together with the facts which the Court has judicially noticed, it is established and undisputed that Hart referred the matter to the District Attorney based on information she received from other sources—the panel and officer Holliday. Hart was not the source of the allegations or accusations against Vines. She was merely relaying the information she had received from elsewhere. This does not establish malicious prosecution against Hart. These facts, together with the Court's construction of the Administrative Warning, establish that Hart's act of referring the matter to the District Attorney was objectively reasonable and thus qualifiedly immune. When a city official receives information that high ranking police officials may have committed a crime, it is reasonable to refer that information to the proper authorities for investigation. Plaintiff's theory is, again, that Hart was prohibited from making the referral by the Administrative Warning. The Court has previously found that this premise is faulty. Further, the Court found the warning as construed by Plaintiff would be void as against public policy.

■ The Court may dismiss a complaint on its own initiative for failure to state a claim where the inadequacy of the complaint is apparent as a matter of law. *Shawnee Int'l N.V. v. Hondo Drilling Co.*, 742 F.2d 234 (5th Cir.1984). All of Plaintiff's state law claims are based on the same premise discussed above—that referral to the District Attorney was improper because it violated the Administrative Warning. Since that is the only factual basis which Plaintiff has alleged to support his claims, and the Court has found that the warning did not prohibit the referral, Plaintiff's claims must be dismissed for failure to state a cause of action.

## V. Plaintiff's State Law Claims Against the City of Dallas

■ Finally, as to dismissal of the claims against the City, Plaintiff has only alleged the conduct of Hart discussed above—referral of the perjury allegations to the District Attorney. However, in order for the City to be liable, Plaintiff must plead that some custom or policy of the City caused the constitutional violation of which he complains and that he was damaged as a result of that violation. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), & *Monell v. New York City Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff contends that one incident of official action resulting in a constitutional violation may be sufficient to impose liability on the City, citing *Pembaur v. Cincinnatti*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). However, as the court stated in *Pembaur*, not every decision by municipal officers automatically subjects the municipality to section 1983 liability. No matter how much power an official has, no municipal liability exists if that official does not set the policy at issue or, secondly, the employee doesn't have final policy-making authority in that area. *Id.*

Here Plaintiff has made conclusory allegations that Hart was a city policymaker. However, there is nothing plead which indicates that Hart was the final policymaking authority for the City of Dallas in the area at issue.

Since Plaintiff has not plead any custom or policy on the part of the City, nor an action by an official with final policymaking authority in the area at issue, Plaintiff's claims

against the City must be dismissed for failure to state a cause of action.

The action of the city policymaker of which Plaintiff complains is Hart's referral to the District Attorney. Since the Court has found that action was proper, Vines has failed to allege an action which violated a constitutional right. Therefore, Plaintiff's state law claims against the City must be dismissed.

### VI. Conclusion

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is hereby **GRANTED IN PART.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants' Partial Motion to Dismiss is hereby **GRANTED.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's remaining claims are hereby **DISMISSED.**

IT IS SO ORDERED.