Dennis BURROWS, Appellant,

v.

THE NEIMAN–MARCUS GROUP, INC.; Eduardo Lynch; Marshall Field Stores, Inc. f/k/a Marshall Field & Co.; & Sylvia Garlowich, Appellees.

No. 01–97–00216–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1998.

---

· Gregory A. Stewart, Houston, for Appellant.

Phillip Griffis, Michael Phillips, Evelyn T. Ailts, Rick Gibson, Houston, for Appellees.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

OCONNOR, Justice.

This is an appeal from a summary judgment granted in favor of The Neiman–Marcus Group, Inc., Eduardo Lynch, Marshall Field Stores, Inc., f/k/a Marshall Field & Company, and Sylvia Garlowich, the appellees and defendants below.[1]  We affirm.

### Facts

On December 2, 1992, a Marshall Field's customer named J.W. Wood inadvertently left his American Express credit card at one

---

1. The Neiman–Marcus Group, Inc. and Lynch will be referred to collectively as the Neiman–Marcus defendants.  Marshall Field Stores, Inc. and Garlowich will be referred to as the Marshall Fields defendants.

of the store's cash register desks. An unknown man used the credit card at various stores in the Houston Galleria, including Macy's and Neiman–Marcus. Wood told Garlowich, the Marshall Field's loss prevention manager, that he had left his card at a check-out counter and accused a Marshall Field's employee of using his card. Garlowich learned there were two employees who could have helped Wood on December 2, 1992. Dennis Burrows, the appellant and plaintiff below, was one of the two employees.

For the sole purpose of clearing the Marshall Field's employees of any accusation of wrong-doing, Garlowich arranged for the Macy's employee who made a sale to the credit card thief to walk through Marshall Field's store. The Macy's employee identified the plaintiff as the person who used Wood's card at Macy's. Garlowich then videotaped the plaintiff and another Marshall Field's employee working a cash register. She showed the video tape to Lynch, the Neiman–Marcus employee who made the sale to the thief. After looking at several video screens in the Neiman–Marcus security office, Lynch identified the plaintiff as the man who used Wood's card at Neiman–Marcus.

On December 15, 1992, Garlowich discussed the matter with the plaintiff, who claimed he knew nothing of a stolen card. Garlowich then reported the matter to the Houston Police Department. In January of 1993, HPD Sergeant Jackson was assigned to work the case. In February of 1993, Lynch identified the plaintiff from a photographic lineup (a photospread). Two other witnesses to the unauthorized use of the credit card were unable to identify the plaintiff.

Jackson reported his findings to the assistant district attorney (the ADA). He included in his report the fact that two witnesses could not identify the plaintiff. Jackson signed a probable cause affidavit leading to the filing of credit card abuse charges against the plaintiff. On February 19, 1993, the plaintiff was indicted for credit card abuse. The plaintiff was ultimately acquitted of the charges.

The plaintiff brought a suit for malicious prosecution against Neiman–Marcus, Lynch, Marshall Field's, Garlowich, American Express Travel Related Services, and American Express Co.[2] The Neiman–Marcus defendants and the Marshall Field's defendants filed motions for summary judgment. The trial court granted both motions for summary judgment.

### Summary Judgment

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412. A defendant is also entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412.

Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant. *Marchal*, 859 S.W.2d at 412. The nonmovant then must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Marchal*, 859 S.W.2d at 412.

In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412. We will assume all the evidence favorable to the nonmovant is true. *Johnson*, 891 S.W.2d at 644; *Thompson v. Vinson & Elkins*, 859 S.W.2d

---

**2.** American Express Travel Services was dismissed with prejudice on December 30, 1996. The plaintiff and the Neiman–Marcus and Mar-

shall Field's defendants all agree that American Express Co. is no longer involved in the suit.

617, 619 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

On appeal, we cannot consider any ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1995, no writ). We will affirm the summary judgment if any of the theories advanced in the motion for summary judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1998, no writ) (designated for publication).

### Analysis

■ In point of error one, the plaintiff claims the trial court erred in granting summary judgment because the defendants withheld information regarding the plaintiff's identification. The plaintiff argues the information withheld by the defendants was material and influenced the ADA's decision to prosecute.

■ To prevail on a claim of malicious prosecution, a plaintiff must establish the following: (1) commencement of a criminal prosecution against the plaintiff; (2) initiated or procured by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the defendant's lack of probable cause to initiate the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997); *Metzger v. Sebek*, 892 S.W.2d 20, 41–42, 42 n. 10 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (noting the second element changed in 1994 from asking whether defendant caused or aided prosecution to asking whether defendant initiated or procured prosecution).

■ There is an initial presumption that the defendant in a malicious prosecution case acted reasonably and in good faith and had probable cause to initiate the proceedings. *Richey*, 952 S.W.2d at 517; *Metzger*, 892

S.W.2d at 42. The presumption disappears once the plaintiff produces evidence that the motives, grounds, beliefs, and evidence upon which the defendant acted did not constitute probable cause. *Richey*, 952 S.W.2d at 518. The burden then shifts to the defendant to offer proof of probable cause. *Id.* If the facts underlying the decision to prosecute are not disputed, whether probable cause existed is a question of law to be decided by the trial court. *Id.*

In their motions for summary judgment, the defendants argued they had probable cause and they did not act with malice. As summary judgment proof of probable cause, the Neiman–Marcus and Marshall Field's defendants relied on the following evidence:

- Sergeant Jackson's deposition, in which he said that, even though Garlowich's investigation did not meet law enforcement standards, Jackson felt there was enough information to refer the file to the ADA.

- Garlowich's deposition, in which she said the plaintiff was one of the two sales clerks working at the counter when the card was misplaced, and Lynch identified the plaintiff as the man who used the card at Neiman–Marcus.

The Neiman–Marcus defendants also relied on the following:

- Lynch's affidavit, in which he said he made the identification in good faith and to the best of his recollection.

- Lynch's deposition testimony, in which he said he identified the plaintiff as the man who used the card and he was not assisted in his identification of the plaintiff.

■ In his response to the motions for summary judgment, the plaintiff argued the defendants withheld material information from the prosecuting attorney, relying on *Andrews v. Dewberry*, 242 S.W.2d 685, 688 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.). The material information the plaintiff claimed was withheld was a statement made by Maury Gutierrez, a person present while Lynch viewed the video screens in the security office. After Lynch identified the plaintiff

on the videotapes, Gutierrez said "Yeah, I think that's the person that we are looking for."

As summary judgment proof, the plaintiff relied on the following evidence:

- The deposition of Sergeant Jackson, by which the plaintiff tried to raise a fact issue as to whether Jackson needed to have "all the information" before to submitting the case to the ADA.
- The deposition of Lynch, in which Lynch said that, after he identified the plaintiff, Gutierrez stated he had identified the employee under investigation.
- The plaintiff's indictment and Jackson's probable cause affidavit, neither of which mentions Gutierrez's statement.

The statement the plaintiff complains the defendants withheld was not material to ADA's filing charges against him. Gutierrez made the remark after Lynch had picked the plaintiff as having used the credit card. The statement did not influence Lynch's selection of the plaintiff and was not exculpatory information.[3]

Both groups of defendants established they had probable cause to report the matter to the police. The plaintiff did not show that the defendants withheld material information from Jackson or the ADA or that the defendants did not have probable cause to make the report. The defendants disproved as a matter of law at least one element of the plaintiff's malicious prosecution cause of action. The trial court properly granted summary judgment for the defendants. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412.

We overrule point of error one.

In point of error two, the plaintiff claims the trial court erred in granting summary judgment because there was a fact issue

about the defendants' failure to disclose information to the ADA. As noted above, any nondisclosure to the ADA was immaterial and did not show the defendants lacked probable cause.

We overrule point of error two.

---

3. The probable cause inquiry asks only whether a complainant reasonably believed a crime had been committed based on the information available to him before the criminal proceedings began. *Richey*, 952 S.W.2d at 519. If he reasonably believes so, the reasonableness of that belief is not negated by his failure to fully disclose all relevant facts to the officer. *Id.*Thus, the extent of the disclosure to the prosecutor is not probative of lack of probable cause, but rather goes to the element of malice or whether the complainant caused the prosecution by knowingly providing false information. *Id.*