### DOCK HAYWOOD v. THE STATE.

### No. 477. Decided April 6, 1910.

### Rehearing Denied February 8, 1911.

**1.—Rape—Jury and Jury Law—Special Venire.**

Where, upon appeal from a conviction of rape, there was no ground set up that would have justified an attack on the officer's manner of summoning the special venire, or the diligence used by him, there was no error. The absence of veniremen is not a ground for quashing the venire. Following Horn v. State, 50 Texas Crim. Rep., 404, and other cases.

**2.—Same—Grand Jury—Indictment.**

Where, upon trial of rape, the indictment was attacked on the ground that parties not authorized to be before the grand jury while they were deliberating upon finding the bill were present, but the record showed no one was present when the grand jury were deliberating or voting upon the question of finding a bill, there was no error.

**3.—Same—Nine Grand Jurors.**

Where, upon appeal from a conviction of rape, the record did not support the contention that the indictment was found by less than nine grand jurors, there was no erroi.

**4.—Same—Age of Prosecutrix—Wife of the Defendant—Charge of Court.**

Where, upon trial of rape, the evidence as to the age of the prosecutrix was that she was under fifteen years of age at the time of the offense, and there was no issue as to the age of the prosecutrix during the trial, and the court's charge left this matter to the jury, there was no error.

**5.—Same—Evidence—Husband and Wife.**

Where, upon trial of rape, the father of prosecutrix testified that she was single, the conviction will not be reversed on this ground; still matters of this sort should not be left to inference.

**6.—Same—Evidence—Age of Prosecutrix—Book—Harmless Error.**

Upon trial of rape it was error to admit in evidence a certain book which was not a family record, and in which the entries as to the birth of prosecutrix were not made contemporaneously with said birth, and it was not shown that the book had been in proper custody, etc.; but inasmuch as the question of the age of prosecutrix was not an issue on the trial and the evidence clearly disclosed that she was under age of consent, the error was harmless. Distinguishing Rowan v. State, 57 Texas Crim. Rep., 625.

**7.—Same—Deliberation of Grand Jury—Statutes Construed.**

The county attorney may be present in the grand jury room at all times except when the grand jury is deliberating upon whether or not they will return a bill of indictment, or of voting on same; and where the record on appeal did not affirmatively show that the county attorney was present in the grand jury room when the grand jury were deliberating, etc., there was no error.

Appeal from the District Court of Grayson. Tried below before the Honorable B. L. Jones.

Appeal from a conviction of rape; penalty, life imprisonment in the penitentiary.

The State's testimony showed that defendant enticed prosecutrix and her little brother into defendant's restaurant, closed the doors, and had sexual intercourse with prosecutrix in a closed room in the restaurant.

The opinion states the case.

*C. Huggins* and *J. P. Cox, Jr.,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age and given a life sentence in the penitentiary.

1. Several questions are presented for revision which we deem unnecessary to discuss. The matter with reference to summoning. the jury may not occur upon another trial. This matter is set out in bill of exception No. 1.

2. In bill of exception No. 2 it is urged that parties not authorized

to be before the grand jury while they were deliberating upon finding the bill, were present. We are of opinion the evidence on this question does not show such to be a fact. The county attorney and two of the assistants were with the grand jury at different times while that body had the witnesses before them, but none of them were present at the time they were deliberating or voting upon the question of finding the bill of indictment, nor does the evidence support the other contention in the bill—that the indictment was found by less than nine grand jurors. We find no reason for reversing the judgment upon that bill of exceptions.

3. Bill No. 3 suggests that the evidence is not sufficient to show that the prosecutrix was under fifteen years of age and not the wife of the defendant. This applies to the charge of the court which is as follows: "And if you further believe from the evidence beyond a reasonable doubt that at said time the said Bertha Stacy was under the age of 15 years and was not the wife of defendant, you will find the defendant guilty of rape as charged in the indictment and assess his punishment at death," etc. The objection to this charge was that the evidence did not show that appellant and the prosecuting witness were not man and wife at the time of the alleged transaction and that the charge assumed that fact. We are of opinion that it does not assume the fact that they were married or that she was under the age of fifteen years. In this connection in another contention it is urged that the evidence is not sufficient to show the girl was not the wife of the defendant. This is left as a matter of inference. The strongest evidence is to the effect that the father of the prosecutrix testified that she was single. We are not undertaking to hold here that this would be insufficient, but we suggest that in matters of this sort the statement of facts should show that the parties were not married. It is easily proved; the witnesses were on the stand and before the jury. Matters of this sort should not be left to inference where positive evidence is so easily accessible. We call attention to this so that matters of this character will not be left as questions of discussion on appeal.

4. By bill of exceptions No. 6 it is made to appear that S. W. Stacy, father of prosecutrix, was used in behalf of the State as a witness, and testified as follows: "This book I have in my hand has been in my possession since Bertha Stacy's birth; it is just an ordinary ledger. There is no dates in this book except on the page on which the entry of Bertha's birth is made, and that is on a page about the middle of the book. I made that entry myself; it is correct; I made it just after Bertha was born; the entry of Bertha's birth is about the center of the page, and the entry of Jewel's birth, who is also my child and younger than Bertha, is on the same page and above the entry made for Bertha; on the same page and below the entry made for Bertha's birth is the entry made for the date of the birth of another one of my children who is younger than Jewel. I don't know why I put the entry of Jewel's birth above the entry of Bertha's. The entry

of the birth of the third child was placed below the entry of the other two that were older than it." The book was offered in evidence, to which defendant objected on the ground that the same was hearsay, not the best evidence, not a family record, entries not made contemporaneously with the births, and the book is not shown to have been in the custody of the witness during all of said time. The court overruled the objections, and the page of the book on which the entries were made was permitted to go before the jury, and was as follows: On the top of the page, "Jewel Stacy born July 11th, 1897." Entry on same page and below, "Bertha Stacy born June 28, 1894." On the same page and below this entry, "Martha Stacy born August 25th, 1900." To which action of the court in overruling defendant's objections and permitting the State to introduce said evidence before the jury the defendant then and there excepted on the grounds above mentioned. This testimony was inadmissible. We deem it unnecessary to discuss the matter further than to allude to the decision in the recent case of Rowan v. State, decided at the present term of court. In that case the authorities are collated and reviewed at considerable length by Judge McCord, who delivered the opinion of this court. In view of what was said in that decision and the thoroughness of the review of the authorities, we deem it unnecessary to discuss that question further. Under that decision the admission of this testimony is erroneous. However, the question then is, the evidence having been erroneously admitted, should it constitute cause for reversal of this judgment? After careful review of the matter, we are of opinion that it does not constitute such cause or reason. In the Rowan case, supra, the question of the age of the prosecutrix was a serious issue and of vital importance. The testimony in that case was conflicting as to whether the prosecutrix was over or under the age of fifteen years. Under that state of case it was held that the admission of similar evidence to this was illegal and important. In this case, however, the question of the age of the prosecutrix was not an issue, nor was there any evidence introduced, or contention made on the trial that she was fifteen years of age or over. The evidence clearly discloses that she was under that age. Had there been an issue as to that question, the admission of the evidence complained of in the bill of exceptions would have been reversible error. It is not the admission of all illegal evidence which would demand a reversal for its admission. We are, therefore, of opinion that under the circumstances of this case, there being no issue on the question of the age of the prosecutrix, and although erroneously admitted, the introduction of it is not of sufficient importance to require a reversal. Therefore the judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 8, 1911.

HARPER, JUDGE.—At the last term of this court the judgment

herein was affirmed. Motion for rehearing is filed setting up several grounds why the affirmance was not correct.

1. It is contended the motion to quash the venire should have been sustained. That question was not decided in the former opinion. However, we do not believe, as it is presented, there is any merit in the motion. The ground of the motion is in this language: "Because out of the 100 names herein drawn only 17 of said special venire are present in court." The absence of veniremen is not a ground for quashing the venire. The cases of Horn v. State, 50 Texas Crim. Rep., 404, and Logan v. State, 54 Texas Crim. Rep., 74, are cited in support of that proposition. These cases are not in point. In each of those cases the motion was made to quash the venire and service, among other things, because the officers did not exercise diligence in summoning the jurors. But that ground is not suggested here. So far as this motion is concerned, every juror may have been summoned or the diligence of the officer may have been complete. None of these matters were set up in the motion. There was some evidence, however, introduced to the effect that the diligence may not have been sufficient, but under the ground stated in the motion this testimony was not germane. There was no ground set up that would have justified the attack on the officer's manner of summoning the jury or the diligence used by him.

2. It is insisted the court was in error in holding that the age of the prosecutrix was not an issue in the case. We have reviewed the testimony bearing upon this question again in order that we might ascertain whether or not we were wrong. The father testified to the age of the girl, placing her under 15 years of age, and the family physician who was present at her birth stated that she would be 15 years old the coming summer. This is the substance of the evidence introduced, except the introduction of the ledger about which the complaint was made in the bill of exceptions. We are still of opinion that as there was no contest as to the age of the girl, that the admission of this erroneous testimony was not of sufficient importance to require a reversal. Where the age becomes an issue, this character of testimony is not only erroneous, but would be reversible, as held in the Rowan case cited in the original opinion.

3. Another contention is made that the former opinion is incorrect in holding that the assistant county attorney was not present while the grand jury were deliberating upon their finding. We have re-examined the record carefully, and read it in the light of the decisions of this court in the case of Stuart v. State, 35 Texas Crim. Rep. 440, and Sims v. The State, 45 S. W. Rep., 705. It is true that Judge Henderson in the case of Stuart v. The State, supra, in rendering the opinion, uses language that might be construed to mean if the county attorney was present during the "deliberations and investigation" of a grand jury, the indictment would be quashed, but that was not the real holding, and in a later opinion the same judge states clearly what he meant and held in that case. In Sims v. The State, supra, Judge Hen-

derson, in discussing the Stuart case, says: "We have heretofore held that whenever the record discloses the fact some person not authorized by law was present when the grand jury was deliberating upon the accusation against the defendant, or voting on the same, the statute was mandatory. In that case we discussed what was meant by the phrase 'deliberating upon the accusation against the defendant,' and we there held, in accordance with definitions, that 'deliberating' meant the act of weighing and examining the reasons for and against finding a bill; that is, discussing and examining the reasons for and against the proposition of finding a true bill."

The decision of Sims v. State, 45 S. W. Rep., 705, is in line with article 414 of the Code of Criminal Procedure, which reads: The attorney representing the State may go before the grand jury at any time, except when they are discussing the propriety of finding a bill of indictment or voting upon the same. Construing this article in connection with the provision of section 559, which provides grounds for quashing an indictment, "that some person was present not authorized by law when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same," the meaning of the two articles are clear, that the county attorney may be present at all times except when the grand jury is deliberating upon whether or not they will return a bill of indictment or voting on same.

The record in this case does not affirmatively show that he was present at either of said times, and upon hearing the matter the district judge finds that he was not present when the grand jury were deliberating upon whether or not they would return a bill of indictment or voting on the question.

The motion for rehearing is overruled and the judgment affirmed.

*Affirmed.*