SUHRE v. KOTT et al. (No. 5813.)

(Court of Civil Appeals of Texas. San Antonio. March 7, 1917. Rehearing Denied March 28, 1917.)

1. APPEAL AND ERROR ⬤⟿719(4)—NECESSITY OF ASSIGNMENT OF ERROR—FUNDAMENTAL ERROR.

Sustaining a general demurrer to petition, if error at all, is fundamental, and must be considered even in the absence of any assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2973, 3490.]

2. MALICIOUS PROSECUTION ⬤⟿12—PROCEEDINGS ACTIONABLE—AFFIDAVIT OF INSANITY.

It is actionable to falsely and maliciously file an affidavit that another is insane, and the affiant cannot excuse his conduct on the ground

that he was authorized by law to make the affidavit.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 5.]

**3. MALICIOUS PROSECUTION ☞40—ACTS AC-TIONABLE—AFFIDAVIT OF INSANITY.**

In action for malicious prosecution by filing affidavit that plaintiff was insane, it was no justification that the justice before whom affidavit was made and who issued warrant for the plaintiff's arrest exercised judicial discretion.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 81.]

**4. MALICIOUS PROSECUTION ☞16—ELEMENTS OF OFFENSE.**

The essence of the action for malicious prosecution is causing legal process to regularly issue for the mere purpose of vexation, annoyance, or injury, and three elements are required to establish a case of malicious prosecution: First, that the suit was instituted with malice; second, that it was brought without probable cause; and, third, that the malicious action has terminated in the acquittal or discharge of the person claiming damages.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 19–22, 59.]

**5. MALICIOUS PROSECUTION ☞37—TERMINA-TION OF PROSECUTION—WHAT CONSTITUTES.**

Where a prosecution for lunacy was had before a commission afterwards declared unconstitutional, a discharge of the alleged insane person by the county judge was a termination of the prosecution in his favor.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 72–77.]

**6. MALICIOUS PROSECUTION ☞56—FALSE IM-PRISONMENT—BURDEN OF PROOF.**

In action for malicious prosecution coupled with charge of false imprisonment, the burden is upon the defendant to show that the imprisonment was lawful.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116.]

**7. INSANE PERSONS ☞7—COMMITMENT—DIS-CRETION OF COURT—"MAY."**

While the county judge has a discretion to issue a warrant, where an affidavit of lunacy is made, the justice of the peace has not, since the words "said justice may issue a writ" do not necessarily imply discretion; for, whenever the word "may" is used in the furtherance of justice or in a matter in which the public has an interest, it should be construed to mean "shall" or "must."

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 15.

For other definitions, see Words and Phrases, First and Second Series, May.]

**8. MALICIOUS PROSECUTION ☞1—DEFENSES —WARRANT OF LAW.**

Where a person wrongfully causes the arrest and imprisonment of another or otherwise maliciously sets in motion machinery of the law, he must respond in damages, and it is no defense that the prosecution was in a judicial proceeding.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 1.]

**9. APPEAL AND ERROR ☞766—BRIEFS—DE-FECTS—AMENDED BRIEF.**

Assignments as to special exceptions contained only in amended brief, which attempts to remedy the defects in the original brief, not being permitted by any rule of law, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3101, 3126.]

Appeal from District Court, Wilson County; F. G. Chambliss, Judge.

Action by William Suhre against Hugo Kott and others. The cause was dismissed, and complainant appeals. Reversed and remanded.

Rebel L. Robertson, of San Antonio, and P. E. Johnson, of Stockdale, for appellant. J. L. Browne, of San Antonio, and Wiseman Bros. & Burney and J. E. Canfield, all of Floresville, for appellees.

FLY, C. J. This is an action for damages arising from a malicious prosecution in initiating lunacy proceedings against appellant. It was alleged that without probable cause therefor appellees maliciously and falsely made an affidavit that appellant was a lunatic, or non compos mentis; that it was necessary that he should be placed under restraint; that they procured his arrest and had him brought before a justice of the peace, who refused him bond and placed him in jail; that he was taken before a commission and tried for lunacy and was discharged; that appellees have continued to pursue appellant and have published and declared that he was of unsound mind. General and special demurrers were sustained, and, appellant declining to amend, the cause was dismissed.

[1] Sustaining a general demurrer to a petition is fundamental error, if error at all, and must be considered even in the absence of any assignment of error.

[2] We are of opinion that it is actionable to falsely and maliciously file an affidavit that a person is insane or a lunatic, and the party making such affidavit could not excuse his conduct on the ground that he was authorized by the laws of Texas to make such affidavit.

[3] Nor can it be held a justification of the affidavit that the justice of the peace exercised judicial discretion in issuing a warrant for the arrest of appellant. If that be the law, there could be no case in which damages for malicious prosecution could be recovered. The basis for the damages is the making of a false and malicious affidavit charging the party against whom it is directed with violating some law, or of being afflicted with a disease of weakness, the possession of which would damage his standing and reputation, or inflicting pain and mental anguish.

[4] The essence of the action for malicious prosecution is causing legal process to regularly issue for the mere purpose of vexation, annoyance, or injury, and three elements are required to establish a case of malicious prosecution: First, that the suit was instituted with malice; second, that it was brought without probable cause; and, third, that the malicious action has terminated in the acquittal or discharge of the person claiming damages. Griffin v. Chubb, 7 Tex. 603, 58 Am. Dec. 85; Breneman v. West, 21 Tex. Civ.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

App. 19, 50 S. W. 471. The three essentials mentioned are alleged in the petition.

[5] The argument is made that the prosecution for lunacy has not terminated, for the reason that appellant was tried by a commission, which has been declared unconstitutional. Whether the proceeding was constitutional or not, appellant was discharged by the county judge and the prosecution has terminated. Whether the dismissal depended upon the proper procedure or not is not material, for it was done upon a hearing of the testimony, and appellant was fully acquitted of the charge of lunacy and discharged from custody. Porter v. Martyn, 32 S. W. 731; Rogers v. Mullins, 26 Tex. Civ. App. 250, 63 S. W. 897. It cannot be reasonably contended that appellant should insist that he was not properly discharged, but must be tried by a jury; for, if he did, then it would be contended that he was responsible for being detained and should not recover. Appellees, under the pleadings, have abandoned the prosecution, and the suit instituted by them has terminated. We have discussed the question as though it had been finally determined that the present law is unconstitutional, which question we do not decide.

[6] False imprisonment is charged in the petition, and the allegation of such imprisonment must be deemed unlawful, and the burden would rest upon appellee to show that it was lawful. Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 463.

[7] The statute provides for the county judge exercising discretion as to issuing a warrant when an affidavit of lunacy is made, but no such provision applies in the case of the justice of the peace. It was evidently the intention of the statute to lodge the discretion, as to imprisoning a man for lunacy, with the county judge, and not with a justice of the peace, for the language is not used in connection with the latter, and the law requires him to make his writ returnable to the county judge, who is the ultimate arbiter as to the fate of the man charged with lunacy. As before stated, even if the justice of the peace had the power to refuse to issue the writ, he did not do it in this case, and no such high premium is put upon the wisdom, prudence, and discretion of a justice of the peace that his acceding to the request of appellees would shield them from liability. The words, "said justice may issue a writ," do not necessarily imply the right of discretion, but, read in immediate connection with the language applied to the county judge, convey the idea that "may" in this connection means "shall." Whenever the word "may" is used in the furtherance of justice, or in a matter in which the public has an interest, it should be construed to mean "shall" or "must." Lee v. Life Ass'n, 97 Va. 160, 33 S. E. 556; Railway v. Walker, 50 Kan. 739, 32 Pac. 365; McLeod v. Scott, 21 Or. 94, 26 Pac. 1061, 29 Pac. 1. The word "may," when used in a statute in regard to duties of a public officer, means "shall." Hagadorn v. Raux, 72 N. Y. 583.

[8] Appellees lose sight of the allegation that their affidavit was falsely and maliciously made when they contend that it was their duty to make the affidavit. They have no right or authority, under the law, to start a malicious prosecution or falsely imprison a person. Whatever may be the rule in regard to slander and libel, it does not apply to the class of case now before the court. It is clearly laid down in decisions and works of text-writers that where a defendant wrongfully causes the arrest and imprisonment of a plaintiff, or otherwise maliciously sets in motion the machinery of the law, he may be compelled to respond to the wrong committed in adequate damages. Whenever a wrongful prosecution is had and damage is caused to a man's reputation, to his person, or to his property, an action of malicious prosecution will lie. It is no defense to say that the prosecution was in the course of a judicial proceeding, before a court of competent jurisdiction, for prosecutions, malicious or otherwise, are usually so initiated and pushed, and the quotation from Odger on Libel and Slander, p. 125, has no application whatever to such cases.

[9] The assignments as to the special exceptions that were sustained are not presented so as to be considered. The amended brief which attempts to remedy the defects in the original brief are not considered, because not permitted by any rule or law. The amended briefs are stricken from the record. It does not matter, however, whether we consider them or not, because it was not incumbent upon appellant to brief anything in connection with the special exceptions; for, if he had not stated any cause of action, it did not matter as to the details reached by the special exceptions. It was error to sustain the general demurrer, and, however proper the action of the court may have been as to the special exceptions, the dismissal of the suit was improper, because a cause of action still remained.

The judgment is reversed, and the cause remanded.