## BAILEY v. VICTORIA BANK & TRUST CO.

### No. 10270.

Court of Civil Appeals of Texas. San Antonio.

March 16, 1938.

E. L. Dunlap, of Victoria, for appellant.

Crain, Vandenberge & Stofer, of Victoria, for appellee.

SMITH, Chief Justice.

Ollie J. Bailey brought this action against the Victoria Bank & Trust Company to recover damages alleged to have been sustained by him on account of malicious prosecution brought against him at the instance of officers and agents of the bank. From a judgment denying any recovery to him, Bailey brings this appeal.

It appears from the record that Bailey was indicted by the grand jury for the offenses of disposing of mortgaged property, in one count, and felonious theft, in a second count. The prosecution under that indictment was afterwards dismissed, upon motion of the district attorney, "because of insufficiency of the evidence to convict." This suit followed.

The appeal presents but one main question, in two aspects.

It appears that D. E. Blackburn, vice president of the bank, was a member of the grand jury which returned the indictment complained of; the indictment was alleged to have been based upon transactions between Bailey and the bank. Upon the trial appellant sought to establish his case of malicious prosecution by showing the secret proceedings of the grand jury which returned the indictment, as evidenced by the following agreement of the parties entered into upon the trial of this cause: "(5) It is further agreed by the parties hereto that in the event the witnesses E. E. Pickering,

Roy McFadden, J. C. Kennedy, John Hosek, L. S. Wilborne, S. W. Carpenter, Louis Haulbolt, Paul Piegsa, and John Schlein were present that they would have testified that they were members of the Grand Jury that found indictment in this cause complained of. It is further agreed by the parties that the plaintiff would have offered to prove by said members of said Grand Jury that D. E. Blackburn, vice-president of the Victoria Bank & Trust Company, procured the indictment in this cause, indictment No. 4525, against plaintiff, and that the Court, upon objection of the defendant, excluded any and all testimony by any and all said witnesses, members of said grand jury, and refused to permit plaintiff to develop his bill in such manner by showing by said witnesses what the facts were in said matter or any occurrences whatsoever happening before said Grand Jury on the occasion of finding indictment No. 4525 against plaintiff, to which action of the Court Plaintiff saves his exception and retains his bill of exception on such matter."

When analyzed, the agreement is, simply, that appellant proposed to put on nine named members of the grand jury as witnesses and "offered to prove by said members of the grand jury that" Blackburn, another member of the same grand jury, "procured the indictment" of appellant; that the trial court declined to permit such proceeding, either to aid appellant in making out his case, or for the purpose of a bill of exception showing the rejection of the proffered testimony. We are of the opinion that the court did not err in either aspect of the transaction.

■ In the first place, appellant did not propose to elicit from the named witnesses any particular fact relevant to the inquiry at hand, or to support the general conclusion that Blackburn "procured the indictment." In order to show error upon the part of a trial judge in rejecting proffered testimony of any witness, whether grand juror or not, it is incumbent upon the complaining party to specify the specific facts to which he expected the witness to testify, if permitted. The general statement, in this instance, that appellant "would have offered to prove by said members of said grand jury that" Blackburn, another

member, "procured the indictment in this cause against plaintiff," was no more than an offer to prove appellant's case by said witnesses. The proposal was too general to constitute its rejection a reversible error. It specified no facts to which the witnesses were expected to testify; it specified only a general conclusion upon the whole case, which would not have been admissible. For that reason, if no other, the court did not err in rejecting appellant's offer, or in refusing to permit the witnesses to be questioned for the purpose of a bill of exceptions, and appellant's assignments of error, all of which relate to this matter, must be overruled.

■ But appellant's assignments of error must be overruled for a far more important and fundamental reason. The law enjoins upon grand jurors, and they are required to take a solemn oath when entering upon their duties, to keep their proceedings "secret, unless required to disclose the same in the course of a judicial proceeding in which the truth or falsity of evidence given in the grand jury room, in a criminal case, shall be under investigation." Article 365, C.C.P.; article 314, P.C. The case made here does not remotely approach the statutory exception which would authorize an invasion of the sanctity of a grand jury proceeding.

The whole effect of appellant's proposal was that he be permitted to put on a majority of the panel to show the secret proceedings of a grand jury, in the expectant hope of eliciting some fact or facts out of all the proceedings which might aid appellant's case. It would be to permit, in a civil suit, a "fishing expedition" into the secret official proceedings of a grand jury, for the purpose of penalizing one member of that body for his supposed conduct in the course of the grand jury's secret deliberations. To permit such inquiry, at least in the form and for the purpose proposed by appellant, would offend against both the letter and spirit of our laws, as well as against long cherished public policy, and the trial court's prompt and vigorous rejection of the proposal was highly commendable. 21 Tex. Jur. p. 124 et seq., §§ 41, 42; 28 C.J. p. 816, § 124.

The judgment is affirmed.