James H. QUARLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 37285.

Court of Criminal Appeals of Texas.

Dec. 2, 1964.

Rehearing Denied Jan. 27, 1965.

James H. Quarles, in pro. per.

Franklin L. Smith, County Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is barratry; the punishment, 90 days in jail and a fine of $500.00.

In October 1963, an explosion occurred at a refinery in Corpus Christi. Several workers were killed and others were seriously injured. On that day appellant and

his co-indictee, MacKenzie, left Houston, went to Corpus Christi, secured lodgings at a motel, a map of the city and a newspaper which carried the names and addresses of those who had been killed and injured, located them on the map and the next morning visited a number of the victims' wives.

As to what transpired during these visits, we need only quote from the testimony of two witnesses. Mr. Timon, who was at the home of his daughter whose husband was killed in the explosion at the time of appellant's visit, testified that appellant and MacKenzie came inquiring for his daughter but that he spoke to them and that appellant said, "we are attorneys" from Houston and that they wanted to represent his daughter in her claim against Coastal States. Appellant further told him, "We do this all the time. I have won several of them. I can show you clippings." Upon being told that Mr. Timon had counsel of his own choosing, the two left.

Mr. Schkade, who was at the home of his sister whose husband had been killed in the explosion, testified that appellant and MacKenzie came there and appellant stated that he represented a law firm from Houston and would like to represent her. He testified that appellant further stated that he would handle his sister's claim for 15 percent of all she might recover over and above her deceased husband's Workman's Compensation, but that Corpus Christi lawyers would probably charge her 33⅓ percent including the Workman's Compensation claim. He stated that appellant asked his sister to sign a contract and exhibited newspaper clippings which he said contained accounts of awards that he had been able to recover in previous cases and told his sister that he might be able to get her an award of from $200,000 to $250,000, but that his sister refused to sign the contract.

Appellant did not testify in his own behalf, but called his co-indictee who testified that he was a private investigator in Houston and had accompanied appellant to Cor-

pus Christi and on the visits to the various families of those who had been injured, but that appellant was unable to get anyone to sign a contingent fee contract with him. On cross examination he agreed that while appellant was talking to the parties, "a question was raised" in his mind, and he felt like he was "mixed up in something you (he) didn't want any part of."

Appellant also introduced into evidence the opinion of the Court of Civil Appeals at Houston in Quarles v. State Bar of Texas, 316 S.W.2d 797.

Appellant represented himself in the trial court and this Court. There is no question of his indigency.

He raises several questions. He complained in the trial court and here that he was prosecuted for this misdemeanor under an indictment returned by the Grand Jury of Nueces County.

■ There can be no question that a grand jury may return an indictment charging a misdemeanor. Article 419, Vernon's Ann.C.C.P. We need not pass upon appellant's contention that the State Bar Act (Article 320a–1, Vernon's Ann.Rev.Civ.St.) is unconstitutional because Article 430, Vernon's Ann.P.C. concludes with the following sentence: "The penalties herein prescribed shall apply not only to attorneys at law, but to any other person who may be guilty of any of the things set forth in this article."

■ He complains that he does not have before this Court a copy of the argument of the prosecutor. The trial court granted him a 60 day extension of time to secure the same from the court reporter who took down the argument and this Court granted him an additional delay to see if he could procure the same, but none has been forthcoming. Again it should be noted that there is no question raised as to appellant being indigent. The court reporter was well within her rights in requiring payment of her fee as a condition precedent to the delivery of a tran-

script of the argument since no pauper's oath had been filed. Maxfield et al. v. Pure Oil Co. et al., Tex.Civ.App., 74 S.W. 2d 145.

Clearly the trial court was correct in sustaining the State's objections to questions which would have elicited information as to privileged communications between attorney and client or disclosed testimony which had been given in the secrecy of the Grand Jury.

We overruled appellant's contention that Article 430, V.A.P.C. which denounced the offense of Barratry is unconstitutional. Ex Parte McCloskey, 82 Tex. Cr.R. 531, 199 S.W. 1101; McCloskey v. Tobin, 252 U.S. 107, 40 S.Ct. 306, 64 L.Ed. 481.

The court did not err in permitting the State to prove that appellant solicited contingent fee contracts of employment from persons other than the Eva Nell Hentges named in the indictment. Lanier v. State, 172 Tex.Cr.R. 238, 356 S.W.2d 671. See also the annotation at 78 A.L.R.2d 1359.

Finding the evidence amply sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.