Robert E. STEWART et al., Relators,

v.

Honorable Tate McCAIN, Judge et al., Respondents.

No. B–7908.

Supreme Court of Texas.

Dec. 13, 1978.

Rehearing Denied Jan. 17, 1979.

John L. Hill, Atty. Gen., David M. Kendall, Thomas M. Pollan and Don W. Kothmann, Asst. Attys. Gen., Austin, Dunnam, Dunnam & Dunnam, Vance Dunnam, Waco, for relators.

Geary, Stahl, Koons, Rohde & Spencer, Michael E. Rohde, Creel, Atwood, Spinuzzi & Chapman, Luther Edward Creel, III, Dallas, McDonald, Calhoon & Kolstad, John B. McDonald, R. E. Swift, Paxton, Whitaker & Parsons, James R. Paxton and Terry Thorn, Palestine, Bracewell & Patterson, W. Feed Hagans, Houston, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Gerald Powell, Dallas, for respondents.

BARROW, Justice.

The question presented by this original proceeding is whether Article 342–210 of the Texas Banking Code,[1] which provides that all information obtained by the Banking Department relative to the financial condition of state banks shall be confidential and shall not be disclosed by the Commissioner or any officer of said Department, creates an absolute privilege. Relators have refused to deliver the confidential section of a bank examination report or to divulge information relative thereto in a suit pending before respondent the Honorable Tate McCain, Judge of the Third Judicial District of Texas. We hold that this statute does create an absolute privilege and conditionally grant the relief prayed for herein by relators.

This action arises out of a lawsuit styled *Mike Vaughn and MJV, Inc. v. Robert A. Mann, et al,* pending in the Third Judicial District Court of Anderson County. In general, it is alleged that MJV conveyed 4,871 acres of land to Walter J. Rusek, Trustee, on February 4, 1976, in exchange for a cash payment of $745,761. It is contended that this conveyance was not a sale but actually a loan and that cause of action seeks to recover damages for an allegedly usurious loan. Vaughn and MJV allege that at the time of the transaction Rusek and Mann were in control of the F.S.B. Liquidating Trust and that Vaughn was

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

indebted to the Trust for the purchase of stock in the American Bank of Waco, Texas. On October 25, 1975, Gary Pool, an assistant departmental examiner of the Texas Department of Banking, conducted an examination of the American Bank of Waco.

On July 6, 1978, the attorneys for respondent Mann caused a subpoena duces tecum to be served upon relator Pool, commanding him to produce at deposition all documents and records relating to the examination of the American Bank of Waco including but not limited to the report of examination and any material or documents contained in the confidential section of said report. On July 14, 1978, relator Pool filed motions in the Third Judicial District Court to quash or modify said subpoena duces tecum and to grant him a protective order. A hearing on the motions was held before Judge McCain on August 3, 1978, and this relief was denied. On August 11, 1978, Pool filed a motion in this Court for leave to file a petition for writ of mandamus seeking to compel Judge McCain to vacate his order refusing to quash the subpoena and denying protection. On August 17, 1978, a supplemental order was entered which provided in essence that the deposition testimony, together with all of the documents in their entirety, should be made available only to the parties to this suit, their attorneys, legal assistants and employees. Leave to file was denied by this Court on August 23, 1978, and on September 8, 1978, Pool appeared for his deposition. However, relator Pool upon advice of his attorneys, relators Thomas M. Pollan and Don W. Kothmann, Assistant Attorneys General of Texas, refused to furnish the confidential section of the examination report or testify to any information relative thereto. Also, relator Robert E. Stewart, the State Banking Commissioner, is the official custodian of the records of the Banking Department and refuses to permit relator Pool to produce the confidential section to the examination report unless ordered to do so by this Court.

On September 9, 1978, counsel for respondent Mann caused an affidavit for contempt to be filed in the Third Judicial District Court, and the trial court issued notice for all relators, except Stewart, to appear and show cause why they should not be held in contempt for refusal to furnish this information. Thereupon relators Stewart, Pool, Kothmann, and Pollan, filed the instant original proceeding seeking to have this Court set aside the show cause order issued by respondent Judge McCain. Relators have pointed out that neither they nor the State of Texas are parties to the suit pending in the Third Judicial District Court and that they have no interest therein other than the discharge of their official duties in a lawful manner.

■ A writ of mandamus may issue in this situation to set aside an order of the trial judge, if a clear abuse of discretion is found. *Texarkana Memorial Hospital, Inc. v. Jones*, 551 S.W.2d 33 (Tex.1977); *Houdaille Industries, Inc. v. Cunningham*, 502 S.W.2d 544 (Tex.1973); *Commercial Travelers Life Insurance Co. v. Spears*, 484 S.W.2d 577 (Tex.1972.)

■ It is not questioned that the Legislature can within constitutional bounds exempt materials from discovery. *See Texarkana Memorial Hospital, Inc. v. Jones, supra*; C. McCormick & R. Ray, Texas Law of Evidence, § 504. It is a well-recognized concept that in the conduct of its proper functions a government sometimes needs information concerning the affairs of individuals and organizations which must be kept secret, either to protect the individuals and organizations or to enable the governmental department to properly perform its function. Note, *Discovery of Government Documents and the Official Information Privilege*, 76 Colum.L.Rev. 142 (1976). Accordingly, statutes are passed to preserve this necessary confidentiality. The problem arises when the information protected by the statute constitutes important and material evidence in a case being tried in court. In resolving this problem we must apply this statute as the Legislature has written it. *Texarkana Memorial Hospital, Inc. v. Jones, supra*.

The bank examination was conducted by Pool on behalf of the State Banking Department pursuant to Article 342–208. The contents of such examinations are made expressly confidential by Article 342–210 which provides in part that:

"[A]ll information obtained by the Banking Department relative to the financial condition of state banks, whether obtained through examination or otherwise, except published statements, and all files and records of said Department relative thereto shall be confidential, and shall not be disclosed by the Commissioner or any officer or employee of said Department."

The only exception contained in this statute is as follows:

"Further provided that upon request, the Commissioner may disclose to a Federal Reserve Bank any information relative to its members, and shall permit it access to any files and records or reports relating to its members. Further provided that the Commissioner may, in his discretion, if he deems it necessary or proper to the enforcement of the laws of this State or the United States, and to the best interest of the public, divulge such information to any other department of the State or National Government, or any agency or instrumentality thereof."

The clear and unequivocal language of Article 342–210 expressly prohibiting disclosure of the confidential material is further emphasized by the sanctions provided under Article 342–211 which provides in part:

"If the Commissioner or any officer or employee of the Banking Department shall . . . divulge information or permit access to any file or record of the Banking Department in violation of Article 10 of this chapter; . . . he shall be deemed guilty of a misdemeanor in office, and shall upon conviction be fined not exceeding Two Hundred Dollars ($200), and forfeit his office or employment."

In addition to the formal report of examination, the examiner prepares an interoffice memorandum to the Commissioner in connection with the examination report which is commonly referred to as the "confidential section." This memorandum is prepared on yellow paper and the information contained therein is based on an examiner's "hunches, opinions and impressions" obtained in the course of examining the bank.[2] It is the failure to produce this confidential memorandum for which respondents seek to hold relators in contempt. Commissioner Stewart points out that in the area of bank regulation this type of information is most important to the continuing process of monitoring, because the examiner's impression often becomes the first line of defense in averting problems at a bank. It is obvious that this type of information would seldom, if ever, be competent or admissible evidence. This fully supports the legislative insistence that this type information remain confidential. This insistence is demonstrated by the unequivocal language of Section 210 as well as by the criminal penalty provided in Section 211. The Legislature could easily have provided an exception to make the information available for a civil trial had it desired. It did not do so.

Although there has been no court decision construing the effect of this privilege, an Open Records Decision issued by the Attorney General pursuant to the provisions of Article 6252–17a, § 7, concluded information held by the Banking Department pursuant to Article 342–210 should remain confidential. See Tex.Att'y Gen.Op. (To Honorable Robert E. Stewart, Nov. 15, 1976) Open Records Decision No. 147.

A copy of the formal examination report is routinely supplied to the bank by the Commissioner as a part of the regulatory and supervisory process. A copy of the formal report is now in the possession of respondent Mann and, therefore, this case relates entirely to the confidential section of the report.

2. Respondent Mann has stated in his reply that he wants to learn the impressions and hunches of Pool.

We conclude that the Legislature established an absolute privilege against the disclosure of the confidential information sought in this suit. We, therefore, hold that Article 342–210 prevents discovery of the confidential section of the report or the information relative thereto. The order of Judge McCain requiring relator Pool to produce and disclose this confidential information is a clear abuse of discretion. Relators should not have to show cause why they should not be found in contempt for failure to produce and disclose the confidential section in question. No writ will be issued unless Judge McCain fails to comply with the foregoing opinion.

CAMPBELL, J., not sitting.