Benjamin EURESTI, Jr., in his Official
Capacity as Cameron County
Attorney, Relator,

v.

The Honorable Rogelio "Roy" VALDEZ,
in his Official Capacity as Presiding
Judge of the 357th Judicial District
Court of Cameron County, Texas, Re-
spondent.

No. 13-88-529-CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1989.

Rehearing Denied March 30, 1989.

Benjamin Euresti, Jr., Rene B. Gonzalez, County Attorney's Office, Brownsville, for relator.

Jerrold R. Davidson, Brownsville, Gary L. Gurwitz, Atlas & Hall, McAllen, for respondent.

Before NYE, C.J., and SEERDEN, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

In this mandamus proceeding the respondent, a district judge, ordered relator, the Cameron County Attorney, to give certain documents to the real party in interest, Kip Van Johnson Hodge, a plaintiff in a civil action. Relator attempts to have this order vacated.

The underlying suit, Kip Van Johnson Hodge v. Browning–Ferris Industries, Inc., Jim Meszaros and Richard H. Freed, No. 03–88–1148E, filed March 10, 1988 in the 357th District Court of Cameron County, Texas, is a malicious prosecution action. Hodge, a former city attorney for the City of Brownsville, alleges in his petition that Meszaros and Freed, as employees of Browning–Ferris Industries, Inc. (BFI), knowing that no probable cause existed, and motivated by malice, gave false, misleading testimony to a grand jury, causing it to indict Hodge for official misconduct. The petition states that the indictment alleged that Hodge, in his official capacity as city attorney, intentionally and knowingly distributed confidential information, the contents of BFI's proposal for waste collection and disposal, giving an advantage to BFI's competitors. The petition further states that the indictment was returned on or about February 25, 1987, that it was dismissed on March 30, 1987, and that on or about April 8, 1987, a Cameron County grand jury no-billed Hodge concerning essentially the same charges.

On April 27, 1988, Hodge filed a motion in the civil suit to obtain discovery and production of particular items from the Cameron County District Attorney. He requested to examine a transcript of the statements of all witnesses before the grand jury which indicted him and all documents, photographs, and other tangible items exhibited to the grand jury.

Hodge asserted a "particularized need" in his motion, stating that time has elapsed

between the present trial and the date on which the indictment was filed, that the witnesses' testimony is material to his case and necessary for complete discovery, that the credibility of the testimony given to the grand jury is in serious doubt, and that a second grand jury no-billed him, presumably on the same testimony and exhibits. Hodge further supports his contention of "particularized need" by alleging that the indicting grand jury's foreman leaked information to the media and made several public statements about him concerning testimony before the grand jury.

On June 9, 1988, the relator filed a response in which it argued that the items were not subject to the Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1988), that the need for secrecy in conducting prosecutions outweighed any "particularized need," and that "particularized need" was irrelevant in a civil proceeding (as the items were absolutely privileged). Relator also argued against disclosure of investigative files, in general, although there is no request for discovery of anything in Hodge's motion that was not presented to the grand jury. Both parties filed additional papers supporting their positions.

On June 29, 1988, Hodge filed another request enumerating particular matters which he wanted to discover. Hodge listed "information given the grand jury by" specific, named witnesses.

The trial judge (respondent) ordered relator to provide the files for its in camera inspection, and then issued an order listing transcripts of specific testimony and statements of particular named individuals to be delivered to Hodge's attorney. All of the material ordered discovered had been given to the grand jury that indicted Hodge. The trial court ordered the information to be used solely in the underlying cause and for no other purpose.

■ The issue presented on mandamus is whether the trial court abused its discretion in concluding that the documents were discoverable. *Barnes v. Whittington*, 751 S.W.2d 493, 494 (Tex.1988) (orig. proceeding). In considering whether an abuse of discretion occurred, this Court must determine if the party asserting the privilege has discharged its burden of proof. As the Supreme Court held in *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex. 1985), a privilege must be established to justify an exception to the general rule of discovery. The party claiming the privilege bears the burden of showing that the documents in question qualify for the privilege as a matter of law. *Barnes*, 751 S.W. 2d at 494; *Giffin v. Smith*, 688 S.W.2d 112, 114 (Tex.1985); Tex.R.Civ.P. 166b 4.

In this case, Hodge followed the procedure set out in Rule 166b 1. Relator sought protection from disclosure under Rule 166b 3.e., arguing that grand jury testimony is privileged. It argues, in effect, that although, in a criminal case, a defendant may discover communications to a grand jury on a showing of particularized need, *McManus v. State*, 591 S.W.2d 505, 523 (Tex.Crim.App.1979); *Reado v. State*, 690 S.W.2d 15, 18 (Tex.App.—Beaumont 1984, pet. ref'd), those communications are absolutely privileged from discovery in a civil case. Neither relator's documents, brief, nor his argument point out any particular damage anticipated to law enforcement by revealing this particular information. In fact, relator's oral argument before this Court stressed that production would violate office "policy" and that violation of this policy of confidentiality might foster further reluctance of informants and witnesses to come forward, thus generally hampering law enforcement. However, nothing before us indicates that the case in question was still being investigated or that any of the information sought involved an active file. Nor was there any attempt to demonstrate any specific need for secrecy of the particular information ordered discovered.

■ We agree with respondent that the Open Records Act does not apply. Tex. Rev.Civ.Stat.Ann. art. 6252–17a, § 2(1) defines a "governmental body," the subject of the act, without including grand juries. Moreover, grand juries are an arm of the judiciary. *See* Tex.Code Crim.Proc.Ann.

arts. 19.01, 19.02 (Vernon Supp.1989). Thus, under § 2(1)(G) of the Open Records Act, they are excluded from coverage. However, the fact that the Open Records Act does not apply does not create a privilege.

Relator claims that *Stewart v. McCain*, 575 S.W.2d 509, 511–12 (Tex.1978) and *Ex parte Pruitt*, 551 S.W.2d 706, 710 (Tex.1977) make it clear that items which statutes exempt from disclosure are exempt from discovery. There is nothing in the Open Records Act that indicates that items not covered in the Act are exempt from discovery.

Relator contends that its investigative files are confidential because of a privilege to withhold informants' identities from disclosure, citing *Roviaro v. U.S.*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). However, the record contains no evidence that any confidential informant would be revealed by the requested disclosure in this case. Moreover, the court's order grants disclosure only of information given the grand jury by persons Hodge's request specifically names.

Relator cites *Hott v. Yarborough*, 112 Tex. 179, 245 S.W. 676, 678 (Tex. Comm'n App.1922, opinion adopted) and *Ex parte Port*, 674 S.W.2d 772, 779 n. 8 (Tex. Crim.App.1984) for its contention that communications to grand juries are "absolutely privileged." *Port* concerns a refusal to testify, and its dictum that communication to a grand jury is "absolutely privileged" is based on *Hott* and on *Quarles v. State*, 385 S.W.2d 395, 397 (Tex.Crim.App.1964), *cert. denied*, 382 U.S. 829, 86 S.Ct. 65, 15 L.Ed. 2d 73 (1965). *Quarles* concerns the admissibility, rather than the discoverability, of grand jury testimony. *Id.*, 385 S.W.2d at 397. *Hott* is a libel and slander case in which the Court held that a communication to a grand jury, like testimony in a judicial proceeding, cannot be the basis of a libel or slander action. Use of the word "privileged" there means that the witness is immune from liability because of any defamatory aspects of his testimony, not that the testimony cannot be discovered.

The *Hott* court notes that communications to a grand jury are by law secret, and this confidentiality theoretically protects the subject of the communication. *Hott*, 245 S.W. at 679. However, the rule that publications or statements made in the course of judicial proceedings cannot be made the basis of a libel or slander action does not apply to malicious prosecution actions. *Suhre v. Kott*, 193 S.W. 417, 419 (Tex.Civ.App.—San Antonio 1917, no writ); *see also Gulf Atlantic Life Insurance Co. v. Hurlbut*, 696 S.W.2d 83, 99 (Tex.App.— Dallas 1985), *supplemented at*, 749 S.W.2d 96, *rev'd sub nom, Hurlbut v. Gulf Atlantic Life Insurance Co.*, 749 S.W.2d 762 (Tex.1987). A difference in the elements of libel and slander and of malicious prosecution explains why confidentiality does not apply in malicious prosecution actions.

The elements of malicious prosecution are (1) the commencement of a criminal prosecution against plaintiff, (2) which was caused by the defendant or through the defendant's aid and cooperation, (3) which terminated in plaintiff's favor, (4) that plaintiff was innocent, (5) that there was no probable cause for the proceedings, (6) that it was done with malice, and (7) that it damaged the plaintiff. *Diamond Shamrock Corp. v. Ortiz*, 753 S.W.2d 238, 241 (Tex.App.—Corpus Christi 1988, writ denied).

A private person who procures a prosecution by giving false information with malice is liable for the damage. *Green v. Meadows*, 517 S.W.2d 799, 808 (Tex.Civ.App.—Houston [1st Dist.] 1974), *rev'd on other grounds sub nom, Meadows v. Green*, 524 S.W.2d 509 (Tex.1975), *on remand*, 527 S.W.2d 496 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ ref'd n.r. e.); *Suhre v. Kott*, 193 S.W. 417, 419 (Tex. Civ.App.—San Antonio 1917, no writ).

Whether the person made full and fair disclosure in the judicial proceeding is part of the malice and probable cause elements of the plaintiff's case. *See Terk v. Deaton*, 555 S.W.2d 154, 155–56 (Tex. Civ.App.—El Paso 1977, no writ). Thus, the grand jury or other testimony on which

a malicious prosecution suit is based is discoverable and admissible.

Relator also cites *Pittsburgh Plate Glass v. U.S.*, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959). In that antitrust case, the Court denied the petitioners access to grand jury testimony because they claimed to have an absolute right and, unlike our case, made no showing of "particularized need."

*Bailey v. Victoria Bank & Trust Co.*, 114 S.W.2d 920, 921 (Tex.App.—San Antonio 1938, no writ) is not on point. There, the trial court refused to allow grand jurors to testify to the proceedings which resulted in an indictment, in violation of their oath of secrecy. The case is also dissimilar in that it involves admissibility of evidence, not discovery.

The recent case of *Hobson v. Moore*, 734 S.W.2d 340, 341 (Tex.1987) is not in point. It is a mandamus action involving discovery of records of law enforcement agencies. The Court recognized that Sec. 3(a)(8) of the Open Records Act, Tex.Rev.Civ.Stat. Ann. art. 6252–17a (Vernon Supp.1989) applied to the facts therein. However, the information sought to be discovered was part of a continuing criminal investigation. It is interesting that even though the court stated the information was privileged, it held that the privilege was waived for failure to file timely objections to the request. Here, there is no evidence that there is an ongoing investigation and, as previously stated, relator has made no attempt to show damage to law enforcement by revealing the information ordered produced. The trial court did not abuse its discretion in ruling that relator failed to meet its burden to establish that the information ordered discovered was privileged.

 We do not agree with relator that grand jury testimony can absolutely not be discovered in a civil suit. Hodge pled a particularized need by his motion, and relator has neither established a privilege nor replied to Hodge's assertions. Thus, relator has not discharged its burden of proof.

The writ of mandamus is DENIED.

DORSEY, Justice, concurring.

I join in Justice Seerden's opinion but write to address certain issues that are raised by Chief Justice Nye's dissent and to more clearly define and analyze the legal precedents implicated. The secrecy or "privilege" of the investigatory files of the county attorney is not an issue, for the plaintiff below seeks only that evidence from those files that was presented to the grand jury. At issue is whether the testimony of witnesses before the grand jury is imbued with secrecy so that testimony may not be discovered by this plaintiff in a malicious prosecution action.

The deliberations of the grand jury are not implicated in this case, only the testimony of witnesses.

Tex.Code Crim.Proc.Ann. art. 20.02 (Vernon 1977) provides: "The deliberations of the grand jury shall be secret," and then provides a penalty for violations of the secrecy. That article's predecessors, Tex. Code Crim.Proc.Ann. art. 374 (Vernon 1925), Tex.Code Crim.Proc.Ann. art. 425 (Vernon 1911), and Tex.Code Crim.Proc. Ann. art. 413 (Vernon 1895), had a similar if not identical provision. Early cases were concerned with what the secrecy referred to. In *Haywood v. State*, 134 S.W. 218 (Tex.Crim.App.1911), it was urged that unauthorized persons were present when the grand jury was deliberating. The court found that the county attorney and two assistants were with the grand jury at different times while witnesses were being presented, but that none were present when the grand jury was deliberating *or voting*. Similarly, in *McGregor v. State*, 201 S.W. 184 (Tex.Crim.App.1918), the Court, citing numerous cases including *Haywood*, held that the State's attorney, his assistant and stenographer may be present when witnesses are testifying before the grand jury. "None of these persons are authorized to be present while the grand jury is deliberating upon the accusation, or voting on it. This is held in all the cases mentioned." *Id.* at 186.

Thus, a distinction was found early between the deliberations of a grand jury and

its taking of evidence. The plaintiff in the instant case does not seek to discover the deliberations of the grand jury, so article 20.02 is not applicable.

Similarly, *Bailey v. Victoria Bank & Trust Co.*, 114 S.W.2d 920 (Tex.Civ.App.—San Antonio 1938, no writ) is not helpful in our determination of this case, because there, the plaintiff attempted to call a number of grand jurors to testify whether another grand juror, an officer in the defendant bank named Blackburn, "procured" the plaintiff's indictment. The party sought to discover the dealings of the grand jurors among themselves in deliberation, not the testimony of witnesses or evidence brought before the body.

Nor am I able to find support for Chief Justice Nye's position in the oath of the grand jurors that is required by Tex.Code Crim.Proc.Ann., art. 19.34 (Vernon 1965) that has been essentially unchanged since 1875. The only portion of the oath that refers to secrecy reads in its entirety: "the State's counsel, your fellows and your own, you shall keep secret,...." None of those proscriptions are applicable here, for the plaintiff below does not seek conversations, advice, or deliberations among the grand jurors and the State's attorney.

Clearly, in criminal law, the testimony of witnesses before the grand jury may be discovered upon a showing of a particularized need. *McManus v. State*, 591 S.W.2d 505, 523 (Tex.Crim.App.1980); *Torres v. State*, 493 S.W.2d 874, 876 (Tex.Crim.App. 1973); *Smith v. State*, 653 S.W.2d 835, 839 (Tex.App.—Corpus Christi 1982), *rev'd on other grounds* (Tex.Crim.App., Sept. 14, 1988) (not published).

Relator, the county attorney, seeks a writ of mandamus basing his claim for protection from discovery solely on alleged protection afforded by the Open Records Act; he does not claim a "privilege" on the common law, or other statutory ground. Nonetheless, because of the precedential value of this case and the analysis utilized by Chief Justice Nye, this concurring opinion was mandated. However, I fully agree with the analysis expressed by the majority written by Justice Seerden.

NYE, Chief Justice, dissenting.

I respectfully dissent. This case is before us on a petition for writ of mandamus. Relator, the Cameron County Attorney, has been ordered by respondent, the district judge of the 357th Judicial District, to turn over certain documents to the plaintiff, the real party in interest in this cause. By writ of mandamus, the county attorney seeks to have this Court vacate the order in question. I would grant the writ of mandamus sought.

The plaintiff, a former city attorney, brought an action for damages for malicious prosecution. As part of this action, the plaintiff seeks, through discovery, to have the county attorney of Cameron County disclose certain testimony of the Cameron County grand jury and the contents of the county attorney's investigative files concerning the indictment and attempted prosecution of the plaintiff. The county attorney opposed this motion to disclose. A hearing was held before the district judge. After hearing the arguments of counsel, reviewing the evidence and reviewing the documents *in camera*, the judge ordered certain testimony that had been given to the grand jury disclosed and certain statements that the county attorney had obtained from witnesses turned over to the plaintiff. We have the grand jury testimony and the investigative files of the Cameron County Attorney before us, and I have made an *in camera* inspection of the contents thereof and agree with the county attorney that these documents should not be discoverable but should remain privileged.

This application for mandamus in this civil lawsuit presents two distinct legal questions evolving out of the discovery sought. The first question concerns whether or not the testimony before the grand jury that resulted in the indictment of the plaintiff is discoverable in a subsequent civil lawsuit. I believe that the common law of Texas, the various statutes involved, the Code of Criminal Procedure, and the decisions of other Texas appellate

courts have precedential value in deciding this civil case.

As early as 1880, the old Court of Appeals of Texas in *Rothschild v. State*, 7 Tex.Ct.App. 519, 537–38 (1880) said:

> The secrecy of the grand-jury room, and the purity and impartiality of that inquest, have ever been matters of watchful solicitude on the part of the law. Upon it depends in a great measure the safety and stability of society, and under the law no undue influence is permitted to sway its counsels or influence its actions.

In *Ex parte Port*, 674 S.W.2d 772, 779 n. 8 (Tex.Crim.App.1984), the Court of Criminal Appeals reiterated that communications to a grand jury are absolutely privileged. In the context of a libel and slander action, it was held in *Hott v. Yarborough*, 112 Tex. 179, 245 S.W. 676, 677 (Tex.Comm'n. App.1922, opinion adopted) that any communication to a grand jury in the regular performance of its duty was absolutely privileged and could not constitute the basis for any further civil action.

Not only do the statutes provide that every person at a grand jury session must take an oath not to divulge anything that transpires therein, they specifically make the disclosure of any such matter a criminal offense. It is not even a defense to one who has violated the rule of secrecy to show that he has not acted willfully.

In a case similar to the case at bar, it was held that the plaintiff in a malicious prosecution action could not discover, from the individual members of the grand jury the nature of the testimony before them. *Bailey v. Victoria Bank & Trust Co.*, 114 S.W.2d 920, 921 (Tex.Civ.App.—San Antonio 1938, no writ).

Article 20.02 of the Texas Code of Criminal Procedure admonishes the grand jurors and the bailiff to keep secret everything that transpires before them in the course of their official duty. The attorney representing the State (in this case the Cameron County Attorney, the Hon. Benjamin Euresti, Jr.) may go before this grand jury, subpoena and examine witnesses, give legal advice to the grand jury, and prepare all indictments which have been found by the grand jury. All of these acts must remain secret.

The oath given by the district judge to the grand jurors as specified by the Code of Criminal Procedure may be dispositive of this case because it excepts only testimony to be used in a criminal case. The oath given is as follows:

> You solemnly swear that you will diligently inquire into, and true presentment make, of all such matters and things as shall be given you in charge; the State's counsel, your fellows and your own, *you shall keep secret unless required to disclose the same in the courts of a judicial proceeding in which the truth or falsity of evidence given in the grand jury room, in a criminal case, shall be under investigation.* You shall present no person from envy, hatred or malice; neither shall you leave any person unpresented for love, fear, favor, affection or hope of reward; but you shall present things truly as they come to your knowledge, according to the best of your understanding, so help you God. (Emphasis supplied).

It is well settled that grand jurors cannot testify regarding how they or any of their fellow jurors deliberated, what induced them to find their indictment, or to what opinion they voiced upon any questions properly before the grand jury. 24 AM JUR. *Grand Jury* § 48 (1939).

The oaths of witnesses who appear before the grand jury require them by law to keep secret their testimony. Tex.Code Crim.Proc.Ann. art. 20.16 (Vernon 1977). The oath they are required to take says:

> You solemnly swear that you will not divulge, either by words or signs, any matter about which you may be interrogated, and that you will keep secret all proceedings of the grand jury which may be had in your presence, and that you will true answers make to such questions as may be propounded to you by the grand jury, or under its direction, so help you God.

I am aware of the availability of grand jury testimony in certain criminal cases as the Code of Criminal Procedure so provides. I am also aware of the fact that grand jury testimony may be discovered by a defendant in a criminal proceeding and that such grand jury evidence may be also used for impeachment in criminal proceedings. However, the use of such testimony by its very nature takes it out of the privilege as does any other privilege when the party who is entitled to assert the privilege relinquishes that privilege. Again, this disclosure is due to the fundamental rights of a criminal defendant. It has no bearing whatsoever on unrelated civil litigation.

The next issue raised is whether or not the investigative files of the Cameron County Attorney's office concerning his underlying criminal investigation of the plaintiff may also be disclosed and used by this plaintiff in his suit for damages. The county attorney argues that the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1989), governs the disclosure of his investigative files. He claims that items which are excepted from disclosure under the Open Records Act are also privileged from disclosure. It is his position that article 6252–17a Sec. 3(a)(8) excludes from disclosure the county attorney's investigative files. Section 3(a) generally says that all information except that specified under the subsections of 3(a) must be disclosed. Subsection (8) provides that the records of law enforcement agencies and prosecutors that deal with detection, investigation, and prosecution of crime and their internal records and notations are excepted from disclosure. While the Open Record Act does not require disclosure, I believe the statutes, the common law, and the case law protect the privilege.

In *Hobson v. Moore*, 734 S.W.2d 340, 340–41 (Tex.1987), our Supreme Court specifically recognized this privilege. In *Hobson*, the Court recognized the need for confidentiality in law enforcement activities and said that the items mentioned under section 3(a)(8) of the Texas Open Records Act were excepted from disclosure in civil litigation. *See also Houston Chronicle Publishing Company v. The City of Houston*, 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex.1976). Clearly the items sought to be disclosed in this case are identical to those sought to be discovered in *Hobson*.

I firmly believe that the investigative files of the county attorney should be exempt from discovery because of the "chilling effect" their discovery would have upon witnesses and others who come forward to give factual information. The need for confidentiality within the criminal justice system requires that the statements given by witnesses to authorized prosecuting attorneys be confidential and excepted from discovery in subsequent civil litigation. To hold otherwise would further hamper an already burdened investigative system of the State's attorneys throughout the State of Texas.

This common law policy is to inspire witnesses with a notion of confidence and security in the discharge of their duties to Grand jurors and to prosecuting attorneys. Witnesses can give evidence without fear of reprisal from an accused or any other person. Such privileged and secret testimony is allowed to secure the freedom to disclose evidence of alleged crimes to prosecutors and grand jurors. It also has other special effects that save the citizenry the trouble, expense and disgrace of having disclosed matters in the prosecuting attorney's file that no longer have merit, especially when there is insufficient evidence to warrant a complaint or indictment. When such evidence is insufficient, it would serve no purpose to permit it to be aired in a civil trial. By its due observance, every witness will be assured that his testimony will be available only in a proper forum at a proper time. He will have every reason to believe that he will not be prosecuted through envy, hatred, or malice for statements given, or that improper influence penetrated the grand jury room. *See Rothschild, supra.*

The plaintiff in this civil law suit wants to open the door of the grand-jury room and pry open the private files of the county attorney to check his work papers, view the

witness statements and find out who made statements. Such fishing expeditions would allow a plaintiff in a civil damage suit to second guess the results of the private investigation of the county attorney. This, I believe violates the sanctity of the criminal investigation procedure. It would have deleterious the effect on the voluntariness of witnesses who appear before the State's attorney and grand juries in the interest of abating crime and seeking justice in criminal investigations.

The majority ignores the privilege of confidentiality afforded district and county attorneys and does in effect open the doors of the grand jury room to those seeking to discover information on the guise that it is pertinent to civil actions. Assisting a plaintiff in this manner is unnecessary because he has many proper procedural methods to help him learn the truth for his civil law suit.

The majority also seeks to distinguish cases cited by me in order to allow the discovery. However, in allowing this discovery, they have neglected to establish any boundaries or limitations concerning exactly what information could be discoverable by future litigants. The majority opinion raises more questions than it purports to answer.

I would hold that grand jury testimony should not be discovered regarding civil actions. I would grant the writ of mandamus.

## ON MOTION FOR REHEARING

NYE, Chief Justice, dissenting.

The Cameron County Attorney, relator in the instant case, challenges the majority's interpretation of *Hobson v. Moore,* 734 S.W.2d 340 (Tex.1987). I also question the majority's interpretation and use this opportunity to explain how the majority has misinterpreted the *Hobson* decision.

In *Hobson,* two police officers, investigating a person named Davis, were served by Davis with interrogatories seeking information about the officers' investigation. The officers refused to answer the interrogatories, claiming the information sought was privileged because it pertained to an ongoing criminal investigation. The *Hob-*

*son* Court concluded that the information was exempt from disclosure according to section 3(a)(8) of the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1989). However, the *Hobson* Court concluded that the officers waived the privilege by not objecting to the interrogatories within thirty days after the interrogatories were served upon them.

The majority's opinion concludes that the *Hobson* decision is "not in point" and states, regarding the instant case: "Here, there is no evidence that there is an ongoing investigation and, as previously stated, relator has made no attempt to show damage to law enforcement by revealing the information ordered produced." This statement suggests that the information sought by the real party in interest, Kip Van Johnson Hodge, would *not* be discoverable if it pertained to an "ongoing investigation." This logic contradicts the *Hobson* decision and section 3(a)(8) of the Texas Open Records Act. In *Hobson,* our Supreme Court neither stated nor implied that information (exempted from disclosure by section 3(a)(8) of the Texas Open Records Act) pertaining to an ongoing investigation suddenly becomes discoverable once the investigation ceases.

Section 3(a)(8) provides in relevant part that "records ... of prosecutors that deal with the detection, investigation, and prosecution of crime and the internal records and notations of ... prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution" are exempt from disclosure. I do not interpret this section to mean that information, in order to be exempt from disclosure, must pertain to an ongoing investigation. The majority has incorrectly determined that the information sought by Hodge is discoverable because it *does not* pertain to an ongoing investigation. The majority has failed to cite any authority to support their proposition.

I would grant the relator's motion for rehearing.